UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MATTHEW AND MONICA DAWKINS,** §<br>　　*Plaintiff,* §<br>　　§<br>**v.** §<br>　　§<br>　　§<br>**ALLSTATE VEHICLE & PROPERTY** §<br>**INSURANCE COMPANY** §<br>　　*Defendants.* § | **Civil Action No. 4:24-cv-639**<br><br>**JURY TRIAL REQUESTED** |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Allstate Vehicle and Property Insurance Company ("Defendant" or "Allstate"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I.　　NATURE OF THE SUIT

1. This lawsuit arises from an insurance claim made by Matthew Dawkins and Monica Dawkins (hereinafter "Plaintiffs") under insurance policy number 000429355564 issued by Allstate Vehicle and Property Insurance Company to Plaintiffs for the policy period of July 30, 2022 through July 30, 2023, subject to all terms and conditions therein and all endorsements attached thereto ("Policy").

2. Plaintiffs reported a claim for water damage on or about October 23, 2022 ("Claim"). Plaintiffs generally allege that Allstate improperly investigated the Claim, misrepresented the terms of coverage, and wrongfully denied the claim. *See generally* **Exhibit D** (Plaintiffs' Original Petition Expedited Action Under TRCP 169). Plaintiffs filed this lawsuit against Defendant in the 333rd Judicial District Court in Harris County, Texas, alleging breach (and anticipatory breach) of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, fraud, and

ongoing conspiracy to commit illegal acts. Plaintiffs seek to recover actual damages, treble damages, exemplary and punitive damages, in addition to attorney's fees and interest.

## II.     PROCEDURAL BACKGROUND

3.     On January 18, 2024, Plaintiffs filed their Original Petition initiating an action in the 333rd Judicial District Court, Harris County, Texas, bearing Cause No. 2024-03278 ("State Court Action"). *See* **Exhibit D**. A jury demand was made in the State Court Action. Also on January 18, 2024, Plaintiffs filed four Exhibits alongside their Original Petition: Plaintiff's Initial Required Disclosures, Plaintiff's Motion to Compel Mediation Pursuant to § 541.161 of the Texas Insurance Code and § 17.5051 of the Texas Business and Commerce Code, Plaintiff's Designation of Expert Witnesses, and Notice of Vacation Designation. *See* **Exhibit D**.

4.     Defendant Allstate was served with Citation on January 24, 2024. **Exhibit F.**

5.     Defendant filed its Original Answer in the 333rd Judicial District Court, Harris County, Texas on February 19, 2024. *See* **Exhibit G**.

6.     This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days of service on Defendant.

## III.     BASIS FOR REMOVAL

7.     Removal of this action is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446, as it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists Between Parties.**

8.     According to Plaintiffs' Original Petition, Plaintiffs Matthew and Monica Dawkins allege that they are residents of Texas. **Exhibit D**, at ¶ 4.

9. At both the time the lawsuit was originally filed, and at the time of removal, Defendant Allstate Vehicle and Property Insurance Company was an Illinois corporation with its principal place of business in Illinois.

10. For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. See *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, Allstate is a citizen of the State of Illinois for the purposes of establishing citizenship under 28 U.S.C. § 1332.

11. Therefore, because Plaintiffs are citizens of Texas and Defendant is a citizen of Illinois, complete diversity of citizenship exists between Plaintiffs and Defendant Allstate.

**B.    Removal is Timely.**

12. Plaintiffs filed this civil action in state court on January 18, 2024. Plaintiffs served Allstate on January 24, 2024. Therefore, service of process was not served more than thirty (30) days before the filing of this Notice of Removal. This Notice is also being filed within one year of the date suit was first filed in state court.

**C.    The Amount in Controversy Requirement is Satisfied.**

13. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

14. In this case, the Plaintiffs' Original Petition states that the Plaintiffs are seeking "monetary relief of $250,000 or less." See **Exhibit D** at ¶ 7. Plaintiffs seek actual damages, treble damages, exemplary and punitive damages, in addition to attorney's fees and interest. *See generally* **Exhibit D**. In a pre-suit demand letter, Plaintiffs sought to resolve the claim for the amount of $73,771.06 plus $10,0000 in attorney's fees, totaling $83,771.06. *See* **Exhibit H**. Therefore, because Plaintiffs seek $73,771.06 in actual damages, plus treble and other damages, as well as $10,000 in attorney's fees, Plaintiffs seek damages in excess of $75,000.00, satisfying the amount in controversy requirement. *Gasper v. Allstate Tex. Lloyds*, No. 7:22-CV-00004, 2022 WL 298122, at *1 (S.D. Tex. Feb. 1, 2022) (amount in controversy met where demand letter sought $56,013.60 in addition to treble damages).

**D.   Removal is Procedurally Correct.**

15. Venue is proper in this District and Division under §1446(a) because the Southern District of Texas, Houston Division embraces Harris County, the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims occurred in Harris County.

16. In compliance with 28 U.S.C. §1446(a) and Local Rule 81, Defendant attaches to this Notice of Removal: (a) an Index of Matters Being Filed which identifies each document and indicates the date the document was filed in state court (**Exhibit A**), (b) a civil cover sheet, (c) a copy of the state court docket sheet (**Exhibit C**), and (d) a copy of all pleadings that assert causes of action, and (e) a list of all counsel of record, including addresses, telephone numbers, and parties represented (**Exhibit B**).

17. Defendant will separately file a Corporate Disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 promptly after filing this Notice.

18. Pursuant to 28 U.S.C. §1446(d), Allstate will promptly provide a copy of this Notice of Removal to Plaintiffs.

19. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal will also be promptly filed with the Clerk of the Harris County District Court.

## IV. CONCLUSION AND PRAYER

20. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. § 1332 because Plaintiffs are citizens of Texas and Defendant is a citizen of Illinois. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. As such, this Court has subject matter jurisdiction over this action and this removal is proper under 28 U.S.C. § 1441. On these grounds, Allstate hereby removes the referenced State Court Action to this Court.

21. Defendant hereby demands a jury in this removed action.

22. THEREFORE, Defendant Allstate Vehicle and Property Insurance Company respectfully requests that the above-entitled action be removed from the 333rd District Court, Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Michael W. McCoy
**Michael W. McCoy**
State Bar No. 13471850
SDTX Federal No. 3801
E-mail: mccoy@mdjwlaw.com
**Kurstin P. Grady**
State Bar No. 24136868
SDTX Federal No. 3866997
E-mail: grady@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

Eric B. Dick
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

*Via ECF:*
eric@dicklawfirm.com

    */s/ Michael W. McCoy*
Michael W. McCoy