UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW AND MONICA DAWKINS,** *Plaintiff,* | § § § | |
| **v.** | § § | **Civil Action No. 4:24-cv-639** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** *Defendants.* | § § § § | **JURY TRIAL REQUESTED** |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION TO DISMISS AND FOR SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") requests that this Court dismiss the claims asserted against it by Plaintiffs Matthew Dawkins and Monica Dawkins ("the Dawkins" or "Plaintiffs") and award sanctions as authorized by the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") because this is a frivolous action. In support thereof, Defendant would respectfully show the court the following:

### I.   NATURE AND STAGE OF THE PROCEEDING

This litigation involves an insurance dispute arising out of the Dawkins' claim for alleged water damage to their property located at 4430 Kulkarni Street, Houston, Texas 77045. Plaintiffs filed their Original Petition in the 333rd District Court of Harris County, Texas on January 18, 2024 and served Defendant Allstate on January 24, 2024. Allstate then timely removed the case to this Court on February 23, 2024 [Doc. 1].

## II.     STATEMENT OF FACTS

**A.     Initial Claim Investigation**

On October 23, 2022, Plaintiffs reported a claim for alleged water damage to ceramic tile, floors, and walls in the master bathroom, carpet flooring in master bedroom, laminate wood flooring, ceilings and walls in the downstairs dining room, and the kitchen ceiling. Plaintiff Monica Dawkins told Allstate she located the source of the leak as the shower faucet handle and had a plumber repair the leak. Allstate acknowledged in writing on October 23, 2022 and began its investigation.

**B.     Claim Dispute / Duties After Loss**

During its initial investigation of the claim, Allstate discovered multiple prior water damage claims filed by Plaintiffs with other insurance carriers for the same and/or similar damages to those claimed in the instant case and requested that Plaintiffs provide proof that the prior repairs were completed, as well as other information Defendant required to complete the claims process. The information received from Plaintiffs, if any, was insufficient to enable Defendant to proceed with the claim. For example, when asked to provide proof that prior repairs to the claimed areas were completed, Plaintiffs submitted a handwritten invoice from a "contractor" whose phone number appears to be registered to Plaintiff Monica Dawkins. On another occasion, another "contractor" called Allstate from a number appearing to be registered to Plaintiff Monica Dawkins claiming to have completed prior repairs.

On multiple occasions, Allstate notified Plaintiffs that it could not complete their investigation without the information requested and further, reminded them of their duties after loss under the Policy. [See **Exhibit B** - October 25, 2022 Letter; **Exhibit C** - December 1, 2022

Letter; **Exhibit D** - January 24, 2023 Letter]. Plaintiffs were not responsive to Allstate's requests for information and failed, to date, to submit the requested information.

After months of failing to submit the requested information, Defendant conducted an engineering inspection of the property with HAAG Engineering ("HAAG") on February 20, 2023. HAAG found no evidence that any prior repairs had been completed in the claimed areas, including the master bathroom faucet. HAAG also determined that the master bathroom surfaces and walls revealed no evidence of water damage resulting from the claimed plumbing leak. HAAG did note a minor deformity in the dining room ceiling, but concluded that the volume of water indicated normal use/splashing in the bathtub, not a plumbing leak as claimed. In sum, HAAG determined that there was no evidence of a plumbing leak in the master bathroom to support Plaintiffs' claim that the other damages claimed by Plaintiffs resulted from such a leak.

Defendant Allstate issued a Denial Letter to Plaintiffs on March 20, 2023, stating that Allstate could not cover Plaintiffs' claimed loss because "[t]here was no evidence/support of a loss caused by a peril that we cover, and more specifically, no damages were the result of a leak from the bathtub faucet." [**Exhibit E** - Denial Letter].

C.  **Invocation of Appraisal and Rejection**

On September 10, 2023, Defendant Allstate received a Demand Letter and Invocation of Appraisal Letter from The Eric Dick Law Firm. [**Exhibit F** - Plaintiffs' Invocation of Appraisal Letter]. In that Letter, Plaintiffs allege the specific amount alleged to be owed for "damage to or loss of covered property" as $73,771.06 and named Adiv Hamilton as their appraiser. Defendant rejected Plaintiffs' invocation of appraisal in writing on October 20, 2023 reasoning that "there is

no coverage for this loss under the policy." [**Exhibit G** - Rejection of Plaintiffs' Invocation of Appraisal].

**D.      Litigation**

Defendant received no response from Plaintiffs or the Dick Law Firm until January 18, 2024 when it filed suit in the 333rd Judicial District Court of Harris County, Texas. Allstate timely removed the case to this Court on February 23, 2024. [Doc 1.].

### III.      STATEMENT OF ISSUES FOR RESOLUTION

**Issue One:** The Policy provides that Allstate has no duty to provide coverage where the insureds prejudicially fail to comply with their duties after loss. Plaintiffs have repeatedly refused to provide information reasonably and properly requested by Allstate and pleads no facts showing the contrary. Have Plaintiffs stated a claim for breach of contract?

**Issue Two:** The Dawkins' Petition alleges numerous boilerplate extra-contractual causes of action including violations of the Texas Insurance Code and DTPA. Despite doing so, the Petition does not allege any facts to support these causes of action. Have Plaintiffs stated actionable extracontractual claims?

**Issue Three:** Should the Court award the sanctions authorized by the Texas Insurance Code and DTPA?

### IV.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *LNY 5003 LLC v. Zurich Am. Ins. Co.*, 631 F.Supp.3d 431, 433 (S.D. Tex. 2022) (Eskridge, J.). Rule 12(b)(6) allows

the Defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." Read together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 U.S. at 555. A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid, quoting *Twombly*, 550 U.S. at 556.

V. **ARGUMENT**

A. **Plaintiffs Have Failed to State a Claim for Breach of Contract**

Rule 8 applies to allegations of breach of contract. The elements of that claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Mitchell v. Praetorian Ins.*

*Co.*, No. H-23-2049, 2023 U.S. Dist. LEXIS 199531, at *3 (S.D. Tex. 2023), citing *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio, pet. denied.).

In this case, Plaintiffs' petition states only conclusory "defendant-unlawfully-harmed-me accusation[s]" disallowed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations made against Defendant in Paragraphs 50 through 60 of Plaintiff's Original Petition contain no other factual content aside from alleging that Allstate has violated the law. Nowhere do Plaintiffs explain which actions Allstate took that amount to a breach of the insurance contract, nor do they explain their belief that Allstate anticipates breaching the contract in the future. Thus, Allstate's conclusory allegations that Defendant breached the contract are insufficient under Federal Rule of Civil Procedure 8.

In addition, Plaintiffs cannot state a claim for breach of contract because they have prejudicially failed to comply with the terms and conditions of their policy, as is required for Allstate to afford coverage. The Policy provides that Allstate has no duty to provide coverage where the insureds prejudicially fail to comply with their duties after loss. [**Exhibit H** - Certified Policy]. As explained herein, Plaintiffs repeatedly failed to comply with reasonable and proper requests for information relating to their claim. Plaintiffs Original Petition provides no factual support to the contrary – it merely concludes that "Defendant's delay of payment…following its receipt of all items, statements, and forms reasonably requested and required… constitutes a non-prompt payment of the claims." [**Exhibit I** – Plaintiffs' Original Petition]. Comparing the undisputed facts set forth by Allstate with the terms and conditions of the Policy shows that Plaintiffs' conclusory allegations, without any factual support, cannot and do not state the basis for a breach of contract claim. As such, Defendant Allstate Vehicle and Property Insurance Company

requests that the Court dismiss Plaintiffs' contractual causes of action for failing to state an actionable claim.

**B.      Plaintiffs Have Failed to Allege Actionable Extracontractual Claims.**

Federal Rule of Civil Procedure 9(b) applies to the remainder of the Dawkins' claims, including those for common law bad faith, fraud, violations of the Texas Insurance Code and violations of the DTPA. *Mitchell v. Praetorian Ins. Co.*, No. H-23-2049, 2023 U.S. Dist. LEXIS 199531, at *6 (S.D. Tex. 2023) (Eskridge, J.), citing *Tracy v. Chubb Lloyds Ins. Co. of Tex.*, 2012 U.S. Dist. Lexis 89866 at *7 (W.D. Tex. 2012). Rule 9(b) requires a party alleging fraud or mistake to state with particularity the circumstances constituting such fraud or mistake. "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citation and quoting reference omitted).

In this case, the Plaintiffs' Petition is nothing more than a boilerplate form used by Plaintiffs' counsel in various cases and that has been rejected by numerous courts for its failure to comply with Rule 9(b), including:

- *Mitchell v. Praetorian Ins. Co.*, 2023 U.S. Dist. Lexis 199531 (S.D. Tex. Nov. 7, 2023);
- *Williams v. Minn. Life Ins. Co.*, 2023 U.S. Dist. Lexis 112125 (S.D. Tex. June 29, 2023);
- *Ganim v. Zurich Am. Ins. Co.*, 2024 U.S. Dist. Lexis 19383 (S.D. Tex. Feb. 5, 2024);
- *Smiley Team II v. General Star Ins. Co.*, 2021 U.S. Dist. Lexis 216355 (S.D. Tex. Nov. 9, 2021)

Each of the above-named cases, and numerous others in federal jurisdictions, recognize that the precise form petition at issue in this case fails to state any type of actionable misrepresentation or wrongful action. Notably, in reviewing a virtually identical petition from the Dick Law Firm, Judge Edison of the Southern District of Texas, Houston Division stated that:

> After reading the above-referenced paragraphs, all I am able to discern is that there appears to be a dispute over the scope of insurance coverage available to Smiley Team. No matter how hard I try, I am unable to ascertain the substance of any alleged false statements made by General Star's employees or representatives.

*Smiley Team II v. Gen. Star Ins. Co.*, No. 3:21-cv-00103, 2021 U.S. Dist. LEXIS 216355, at *5 (S.D. Tex. 2021).

The same Petition and allegations are now before this Court. The Dawkins' Petition is simply devoid of the factual "who, what, when, where, and how" required to survive this Motion. As such, Defendant Allstate Vehicle and Property Insurance Company requests that the Court dismiss Plaintiffs' extra-contractual causes of action for failing to state an actionable claim.

**C.     Sanctions Are Warranted Because This Is a Frivolous Action.**

Both the Texas Insurance Code and DTPA authorize the Court to award court costs and reasonable and necessary attorneys' fees if it determines that an action is frivolous. Tex. Ins. Code §541.153 ("A court shall award to the defendant court costs and reasonable and necessary attorney's fees if the court finds that an action under this subchapter is groundless and brought in bad faith or brought for the purpose of harassment"); Tex. Bus. & Comm. Code §17.50(c) ("On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs."). In interpreting this statute, Texas courts

have uniformly held that "whether an action is groundless, brought in bad faith, or brought for the purpose of harassment is a question to be determined by the trial court." *Arizpe v. Principal Life Ins. Co.*, No. 3:18-cv-1010-G, 2019 U.S. Dist. Lexis 151971, *5-6 (N.D. Tex. Sept. 6, 2019) (internal citations omitted). Texas courts have also uniformly held "[t]he standard for determining whether an action is groundless is 'whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Id*.

In this case, the evidence tendered shows that there is no arguable basis in fact or law for the Plaintiffs' claims. Allstate promptly and reasonably investigated the loss and requested information necessary to determine whether coverage could be afforded under the Policy. Plaintiffs refused to provide any information and attempted instead to provide information that is seemingly false. Under the terms of the Policy, providing such information is a condition to Plaintiffs' recovery, meaning that Allstate cannot be found to have breached its contract. Plaintiff's Original Petition states only baseless and general conclusions and sets forth zero information showing that Plaintiffs' have complied with the terms and conditions of the Policy. Likewise, Plaintiffs have never sufficiently alleged or proven any actionable extra-contractual claim, much less the "independent injury" required by the Texas Supreme Court. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127 (Tex. 2019). The facts pled and proven by Allstate show that Plaintiffs' claims are not only baseless, but that they were brought in bad faith, or at the very least, simply as a form of harassment. Accordingly, these actions warrant the sanctions prescribed by the Texas Insurance Code and DTPA.

Defendant seeks sanctions in the amount of $7,500.00, which represents the amount of reasonable and necessary attorneys' fees incurred by Defendant to date in defending this frivolous action. [*See* **Exhibit A** - Affidavit of Michael W. McCoy].

## VI.   CONCLUSION

Defendant Allstate Vehicle and Property Insurance Company requests that this Court dismiss Plaintiffs Monica and Matthew Dawkins' Original Petition for failure to state any actionable claim and to award the sanctions authorized by the Texas Insurance Code and the Texas Deceptive Trade Practices Act, as prayed for herein, including Defendant's attorneys' fees.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Michael W. McCoy*
    **Michael W. McCoy**
    State Bar No. 13471850
    SDTX Federal No. 3801
    E-mail: mccoy@mdjwlaw.com
    **Kurstin P. Grady**
    State Bar No. 24136868
    SDTX Federal No. 3866997
    E-mail: grady@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE & PROPERTY
INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 5, 2024, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

| | |
|---|---|
| Eric B. Dick<br>DICK LAW FIRM, PLLC<br>3701 Brookwoods Drive<br>Houston, Texas 77092 | ***Via ECF:***<br>eric@dicklawfirm.com |

                                          */s/ Michael W. McCoy*
                                          Michael W. McCoy