UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW AND MONICA DAWKINS,** *Plaintiffs,* | § § § | |
| v. | § § | Civil Action No. 4:24-cv-639 |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** *Defendant.* | § § § § | JURY TRIAL REQUESTED |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL APPRAISAL AND ABATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") and responds and opposes Plaintiffs' Motion to Compel Appraisal and Abatement [Doc. 5], and in support shows the Court as follows:

### I.    FACTUAL BACKGROUND

**A.    Claim Investigation**

1.    On October 23, 2022, Plaintiffs reported a claim for alleged water damage to ceramic tile, floors, and walls in the master bathroom, carpet flooring in master bedroom, laminate wood flooring, ceilings and walls in the downstairs dining room, and the kitchen ceiling. Plaintiff Monica Dawkins told Allstate she located the source of the leak as the shower faucet handle and had a plumber repair the leak. The claim was acknowledged in writing on October 23, 2022.

2.     During its initial investigation of the claim, Allstate discovered multiple prior water damage claims filed by Plaintiffs with other insurance carriers for the same and/or similar damages to those claimed in the instant case and requested that Plaintiffs provide proof that the prior repairs were completed, as well as other information Defendants required to complete the claims process. The information received from Plaintiffs, if any, was insufficient to enable Defendant to proceed with the claim. For example, when asked to provide proof that prior repairs to the claimed areas were completed, Plaintiffs submitted a handwritten invoice from a "contractor" whose phone number appears to be registered to Plaintiff Monica Dawkins. On another occasion, another "contractor" called Allstate from a number appearing to be registered to Plaintiff Monica Dawkins claiming to have completed prior repairs. Plaintiffs were not responsive to Allstate's requests for information and failed, to date, to submit the requested information.

3.     After months of failing to submit the requested information, Defendant conducted an engineering inspection of the property with HAAG Engineering ("HAAG") on February 20, 2023. HAAG found no evidence that any prior repairs had been completed in the claimed areas, including the master bathroom faucet. HAAG also determined that the master bathroom surfaces and walls revealed no evidence of water damage resulting from the claimed plumbing leak. HAAG did note a minor deformity in the dining room ceiling, but noted that the volume of water indicated normal use/splashing in the bathtub, not a plumbing leak as claimed. In sum, HAAG determined that there was no evidence of a plumbing leak in the master bathroom to support Plaintiffs' claim that the other damages claimed by Plaintiffs resulted from such a leak.

4.     Defendant Allstate issued a Denial Letter to Plaintiffs on March 20, 2023, stating that Allstate could not cover Plaintiffs' claimed loss because "[t]here was no evidence/support of

a loss caused by a peril that we cover, and more specifically, no damages were the result of a leak from the bathtub faucet." [*See* **Exhibit A** - Denial Letter].

B.   **Demand for Appraisal**

5.   On September 10, 2023, Defendant Allstate received a Demand Letter and Invocation of Appraisal Letter from The Eric Dick Law Firm. [**Exhibit B** - Plaintiffs' Invocation of Appraisal Letter]. That Letter stated the specific amount alleged by Plaintiffs to be owed for "damage to or loss of covered property" as $73,771.06 and named Adiv Hamilton as their appraiser.

6.   Defendant rejected Plaintiffs' invocation of appraisal in writing on October 20, 2023 reasoning that "there is no coverage for this loss under the policy." [**Exhibit C** - Rejection of Plaintiffs' Invocation of Appraisal].

7.   Defendant received no response from Plaintiffs or the Dick Law Firm until January 18, 2024 when it filed suit in the 333rd Judicial District Court of Harris County, Texas. Allstate timely removed the case to this Court on February 23, 2024.

II.   **ARGUMENTS**

A.   **Appraisal is Improper.**

8.   The Policy provides the following regarding appraisal: "If you and we ***fail to agree on the amount of loss***, either party may make written demand for an appraisal." [*See* **Exhibit D** - Certified Policy].

9.   Appraisal is proper where there is a dispute as to the amount of the loss. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 887. In contrast, disputes concerning coverage are within the

purview of the courts. See *Tex. Windstorm Ins. Ass'n*, 561 S.W.3d at 273-80 (appraisal does not establish whether damages are covered by an insurance policy); see *Wright v. Lloyds*, No. 3:22-cv-00357, 2023 U.S. Dist. LEXIS 195825, at *3-4 (S.D. Tex. Nov. 1, 2023) (there is no appraisable issue where parties are unable to agree on the scope of loss covered by the policy); see *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009) (no waiver of appraisal rights because dispute initially appeared to concern coverage, not the amount of loss); see *Glenbrook Patiohome, Owners Ass'n*, 2011 WL 666517, at *8 (noting that dispute over whether interior damages were covered did not trigger appraisal right because it was a dispute over coverage, not valuation).

10. All of Plaintiffs' arguments in favor of appraisal are based on the false premise that this case presents a "disagreement over the amount of loss" to Plaintiffs' property. [Doc. 5 at ¶¶ 2, 7, 8, 14, 17-18, 22, 25-26]. This case does *not* present a disagreement over the amount of the loss- it involves a dispute as to whether Plaintiffs' loss is covered *at all*. Defendant does not dispute the extent of water damages to be evaluated – Defendant disputes that any of the damage claimed is covered under the Policy.

11. In its Motion, Plaintiffs rely primarily on *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89 (Tex. 2009). Such reliance is misplaced because the parties in *Johnson* agreed there was a covered loss but disagreed on the scope of the covered damages. More specifically, the parties in *Johnson* agreed that covered hail damage had occurred but disagreed on the number of roof shingles damaged by the hail. This is not a case, like *Johnson*, in which the parties agree that the loss is covered. Defendant Allstate has not agreed in any way that the water damage is covered. Rather, Defendant asserts that there is no covered loss under the policy

because there is no evidence that the water damage was caused by a covered peril. [**Exhibit A** - Denial Letter].

12. Moreover, the Policy provides that Allstate "reserve[s] the right to deny the appraisal award in part or in its entirety based upon the *lack of coverage* under the policy or failure to satisfy policy terms." [**Exhibit D** - Certified Policy (emphasis added)]. An appraisal will not answer the question of whether Plaintiffs' water damage is covered by the Policy. Thus, an appraisal award – regardless of the outcome – would not serve to resolve the dispute between the parties.

13. Seeing as this case does not involve a valuation dispute, appraisal would simply serve as an unnecessary and expensive extra step in this litigation. Coverage is disputed in this case, and such is the province of the courts, not appraisers.

14. Accordingly, Plaintiffs' Motion to Compel Appraisal and Abatement should be denied and all deadlines currently pending should move forward as so ordered by the Court. Plaintiffs filed this lawsuit and their Motion despite being well-aware that Allstate rejected appraisal pre-suit due to a dispute as to coverage (and failed to advise the Court of same). Plaintiffs should not be permitted to feign a concern for judicial economy at this point.

**B.     Plaintiffs' Request for Attorneys' Fees Should Be Denied Because There is No Legal Basis for this Request.**

15. Plaintiffs' request, without citation to law, statute, rule or policy language, to recoup attorneys' fees and costs associated with preparation and argument of this Motion. Texas law is clear on when attorneys' fees can be awarded in a lawsuit or as sanctions. Plaintiffs cite none of those provisions.

16. Unless authorized by statute or contract, a party is not entitled to recover attorneys' fees. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex. 1992). More specifically, an insured is not entitled to recovery of attorneys' fees from an insurer arising from the appraisal process where the appraisal award resolves the disputed amount of the insured's loss. *Perry v. United Services Auto. Ass'n*, 602 S.W.3d 589 (Tex. App.—Amarillo 2018), rev'd on other grounds, 602 S.W.3d 915 (Tex. 2020). This is true even if the insured hired an attorney to collect from the insurer, because the insured must prevail in an action against the insurer that allows for the recovery of attorneys' fees. *Id*. *See also* Tex. Ins. Code § 541.152(a)(1).

17. The policy involved in this case does not authorize recovery of attorneys' fees for successfully compelling appraisal. Rather, the Policy provides that "Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses." [**Exhibit D** - Certified Policy].

18. Moreover, by statute, reasonable and necessary attorneys' fees are not available to a party who prevails on a breach of contract claim unless the party also recovers actual damages. Tex. Civ. Prac. & Rem. Code § 38.001(b)(8). See also *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (holding claimant's failure to recover actual damages on a breach-of-contract claim foreclosed recovery of attorneys' fees). The attorneys' fees themselves do not constitute damages. See *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (orig. proceeding) ("While attorney's fees for the prosecution or defense of a claim may be compensatory in that they help make the claimant whole, they are not, and have never been, damages.").

19. Here, Plaintiffs have neither sufficiently asserted nor proven any actual damages resulting from Allstate's refusal to engage in the appraisal process. Thus, even assuming that

Plaintiffs could prevail on their breach of contract claim with respect to compelling appraisal, there is still no basis upon which to award Plaintiffs attorneys' fees.

20.     Notably, this Court denied this same request (verbatim) for attorneys' fees from The Dick Law Firm in *Chen v. Amguard Ins. Co.,* No. 4:22-cv-3673, 2023 U.S. Dist. LEXIS 44191, at *8 (S.D. Tex. Mar. 16, 2023). In that case, the court reasoned that there was no basis in law or in the policy to award Plaintiffs' attorneys' fees. *Id*.

21.     Lastly, as explained above, Defendant Allstate's position as to appraisal is neither baseless nor frivolous, as claimed by Plaintiffs. Allstate's position is well rooted in the facts of this case and the applicable law. Plaintiffs' request for attorneys' fees, on the other hand, is meritless and has no basis in law or fact. As such, Defendant requests this Court deny Plaintiffs' request.

### III.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that Plaintiffs' Motion to Compel Appraisal and Abatement be denied and for such further relief, at law or in equity, to which Defendant may be entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Michael W. McCoy*
    **Michael W. McCoy**
    State Bar No. 13471850
    SDTX Federal No. 3801
    E-mail: mccoy@mdjwlaw.com
    **Kurstin P. Grady**
    State Bar No. 24136868
    SDTX Federal No. 3866997
    E-mail: grady@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700

Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2024, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

Eric B. Dick
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

*Via ECF:*
eric@dicklawfirm.com

 */s/ Michael W. McCoy*
Michael W. McCoy