IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW & MONICA DAWKINS, § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | Civil Action No. 4:24-cv-639 |
| § | | |
| ALLSTATE VEHICLE & § | | |
| PROPERTY INSURANCE § | | |
| COMPANY, | | |
| *Defendant.* § | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MATTHEW & MONICA DAWKINS (herein "Plaintiff"), who files this, its First Amended Complaint, against ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY (herein "Defendant") and for cause of action would respectfully show the court as follows:

**I.**

**Preliminary Information and Definitions**

1. Insured: MATTHEW & MONICA DAWKINS (herein "Plaintiff")

   Policy Number: 429355564 (herein "Policy")

   Claim Number: 0689657715 (herein "Claim" or "Claim Number")

   Date of Loss: OCTOBER 23, 2022 (herein "Date of Loss")

   Insured Property: 4430 KULKARNI ST, HOUSTON, TX 77045-3528

   (herein "Property" or "Insured Property")

   Insurer: ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY

   (herein "Defendant")

## II.

## Parties

2. Plaintiff is an individual who resides in Texas.

3. A defendant can be served trough its counsel of record of Michael W. McCoy and Kurstin P. Grady. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas.

4. Defendant's Attorney for Service is their counsel of Record Michael W. McCoy and Kurstin P. Grady, 808 Travis Street, Suite 1100, Houston, Texas 77002.

## III.

## Jurisdiction

5. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## IV.

## Venue

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and the property that is the subject of the action is situate in this district.

## V.

## Facts

7. Plaintiffs Matthew and Monica Dawkins were the owner of the Policy numbered "429355564" issued by Defendant. Plaintiff owns the insured property which is located "4430 Kulkarni St, Houston, TX

77045-3528". Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff. The Plaintiff suffered a significant loss due to water on or about January 9, 2023, with respect to the property at issue. Plaintiff submitted its claim to Defendant with a Date of Loss for their damages.

8. Defendant assigned a Claim Number as "0689657715" to Plaintiff's claim. Defendant failed to properly adjust the claim with obvious knowledge and evidence of serious damages. Defendant improperly denied Plaintiff's claim for replacement of the property, even though the policy provided coverage for losses such like those suffered by Plaintiff.

9. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendant failed and refused to pay the full proceeds of the policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between Defendant and Plaintiff.

10. Defendant misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code.

11. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner although they were aware of their liability to Plaintiff under the policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(2).

12. Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies

nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(3).

13. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541 060(4).

14. Defendant refused to fully compensate Plaintiff, under the terms of the policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE § 541.060(7).

15. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of* Claims *Act.* TEX. INS. CODE § 542.055.

16. Defendant failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE § 542.056.

17. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However,

Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct equates to breaches of the common law duty of good faith and fair dealing.

18. The insurance company's conduct in failing to provide coverage for the insured's loss, despite the insured's compliance with all contractual obligations and the occurrence of a covered loss, constitutes a breach of contract. The insurance company's bad faith practices and intentional efforts to avoid payment of the claim demonstrate a willful and wanton disregard for the insured's rights under the insurance contract.

19. As a direct result of the insurance company's breach of contract and bad faith practices, the insured has suffered significant damages, including financial losses, emotional distress, and other damages resulting from the insurance company's failure to fulfill its obligations under the insurance contract.

20. Therefore, the insured brings this cause of action against the insurance company for breach of contract and bad faith practices and seeks damages in an amount sufficient to compensate the insured for all losses incurred as a result of the insurance company's wrongful conduct. The insured also seeks punitive damages, as the insurance company's conduct was willful, wanton, and malicious, and warrants the imposition of such damages as a means of deterring similar conduct in the future.

21. In the intricate realm of property insurance, the onus lies with the insurer to substantiate any avoidance claims, such as exclusions, based on the Texas Insurance Code, as outlined in Sec. 554.002. It is a fact that an insurance company has the burden of proving any exceptions to coverage or language of exclusion in the contract that it claims as avoidance or an affirmative defense.

22. The legal framework, including Sec. 554.002, is designed to protect the insured and maintain a balance

of power between the insurer and the insured. The insurer's refusal to adhere to this framework, intentionally omitting its obligations, and suggesting that it does not bear the burden of proof, is a flagrant violation of these principles. The insurance company's conduct, in this case, demonstrates a clear and troubling deviation from its obligations under the law. By intentionally omitting and suggesting that it does not have the burden of proving any rules of avoidance or claiming exclusions without providing sufficient evidence to substantiate them, the insurer has displayed an alarming disregard for its legal and ethical responsibilities. Such conduct undermines the contractual relationship with the insured and calls into question the insurer's commitment to the principles of fairness, transparency, and good faith.

23. As a direct result of the insurance company's bad faith conduct, the insured has suffered significant damages, including financial losses, emotional distress, and other damages resulting from the insurance company's failure to fulfill its obligations under the insurance contract. In fact, the insured has experienced an independent injury separate from the physical damages covered under the insurance policy. This independent injury is a direct consequence of the insurance company's bad faith conduct, which has resulted in significant financial loss and inflicted substantial mental anguish upon the insured, which is an independent injury.

24. Therefore, the insured brings this cause of action against the insurance company for breach of the implied covenant of good faith and fair dealing and seeks damages in an amount sufficient to compensate the insured for all losses incurred as a result of the insurance company's wrongful conduct. The insured also seeks punitive damages, as the insurance company's conduct was willful, wanton, and malicious, and warrants the imposition of such damages as a means of deterring similar conduct in the future. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

## VI.

## Causes of Action:

25. Plaintiff incorporates Paragraphs 1 to 24 by reference.

## COUNT 1:

## Breach and Anticipatory Breach of Contract

26. Defendant's conduct constitutes a breach of the insurance contract with Plaintiff. Defendant's failure to pay adequate compensation under the policy terms and laws of Texas constitutes material breaches. Plaintiff has suffered actual, consequential, and attorney's fee damages.

27. The insurance policy at issue is a contract. Both Plaintiff and Defendant gave consent and accepted the conditions. Thus, Defendant and Plaintiff have a valid and enforceable contract with each other. When Plaintiff signed the contract, she reasonably believed and relied upon the fact that this policy would cover damages to her property if events like hail damage occurred. This coverage for water damage was a primary reason why Plaintiff entered into the insurance contract.

28. Defendant conduct is subject to a breach of contract between Defendant and Plaintiff. Specifically, Defendant misrepresented to Plaintiff that her policy would cover water. However, after Plaintiff's property sustained major water damage on January 09, 2023, Defendant failed to adequately compensate Plaintiff for the full extent of this covered loss.

29. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act.* TEX. INS. CODE, Chapter 541, including.

   a. Misrepresenting material facts relating to coverage;

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement;

    c. Failing to promptly provide a reasonable explanation for its settlement offer; and

    d. Failing to affirm or deny coverage within a reasonable time.

30. All violations under this article are made actionable by TEX. INS. CODE §541.151, §541.051, §541.060 and §541.061, as well as under the *Texas Prompt Payment* of *Claims Act.* TEX. INS. CODE § 542.055-542.060.

## COUNT 2:

## Breach of the Duty of Good Faith and Fair Dealing

31. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.  See: *State Farm Lloyd's v. Nicolau*, 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). (Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability, failed to follow up on substantial information indicating the leaks were the cause of damage, and the court held that denial of coverage could have been pre-textual.)

32. Defendant's failure, as described above, to investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing, as well as Defendant's canceling said Policy adequately and reasonably.

## COUNT 3:

**Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent**

33. Plaintiff alleges that Defendant engaged in false advertising, which violates the Texas Deceptive Trade Practices Act (DTPA) §17.46(a). Specifically, Defendant made false statements regarding the insurance policy that was sold to Plaintiff.

34. The policy was advertised as having certain coverages and providing excellent customer service, but when Plaintiff made a valid claim, Defendant denied it without proper justification. This misrepresentation caused confusion and misunderstanding about the nature and quality of the product. The policy at issue is a contract between Plaintiff and Defendant, the essential purpose of which is to provide coverage for damages. As established through legal precedent, a contract is invalid if it lacks an essential point or purpose. In this case, the reason property owners obtain insurance is to cover potential damages. Water is a common event, and covering water damage was the essential aspect of the policy which led Plaintiff to agree to the contract. If Plaintiff had known the policy does not adequately cover water damages as represented, Plaintiff would never have accepted the deficient insurance coverage. The main intention and basis for why Plaintiff signed the insurance policy was to receive coverage for foreseeable water damages. By failing to provide the expected coverage for these damages, Defendant has breached the essential point of the contract and clearly misrepresented the actual policy terms to the client. In sum, Defendant induced Plaintiff to sign through the promise of protections that are now being denied, constituting breach of contract and fraudulent misrepresentation of the policy's scope at the time of signing.

35. Furthermore, Plaintiff alleges that Defendant engaged in an unconscionable course of conduct, which violates the DTPA §17.46(b). Defendant denied Plaintiff's legitimate insurance claim, causing Plaintiff to suffer financial losses, emotional distress, and other damages. Defendant's actions were

unconscionable because they were grossly unfair and oppressive to Plaintiff.

36. Plaintiff alleges that Defendant violated the DTPA by engaging in false advertising, bait and switch tactics, misrepresenting the authority of its agents, and engaging in an unconscionable course of conduct. Plaintiff seeks relief for the damages they have suffered as a result of Defendant's deceptive trade practices.

37. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act**.** Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

38. At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant. Defendant has violated the Texas Deceptive Trade Practices Act in one or more of the following manners.

    a. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c. Advertising goods or services with intent not to sell them as advertised;

    d. Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    f. Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

  g. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

  h. Engaging in an unconscionable course of conduct.

## COUNT 4:

### Violations of Texas Prompt Payment of Claims Act:

### Texas Insurance Code, Chapter 542:

### Strict Liability with No Good Faith Exception

39. The defendant's conduct constitutes multiple violations of Texas Prompt Payment of Claims Act under TEX. INS. CODE § 542.051-542.061, according to the information presented. The defendant failed to perform its duties, including acknowledging the claim, recording the acknowledgement, commencing the investigation, and requesting information from the claimant. Additionally, the defendant did not accept or reject the claim, state reasons for any rejection, ask for more time and tell why it is needed, pay the claim after accepting or after the claimant performs any condition, and pay the claim within 60 days after receiving the information requested.

40. Most federal district courts in Texas, applying Texas state law, hold that the residual four-year statute of limitations outlined in § 16.051 applies to claims brought under Chapter 542. Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co., 420 F. Supp. 3d 562, 573 (W.D. Tex. 2019); Life in Christ Fellowship of Abilene v. Allied Prop. & Cas. Ins. Co., No. 1:17-CV-0117-BL, 2018 WL 1157764, at *7 (N.D. Tex. Jan. 9, 2018), report and recommendation adopted, No. 1:17-CV-0117-C, 2018 WL 1157944 (N.D. Tex. Mar. 2, 2018); Morales v. Lloyd's, No. 7:14-CV-1001, 2016 WL 7734651, at *5 (S.D. Tex. Mar. 30, 2016).

## COUNT 5:

## Unfair Insurance Practices:

## Texas Insurance Code, Chapter 541

41. Plaintiff alleges that the Defendant, as the insurer of the policy at issue, breached multiple provisions of the Texas Insurance Code, Chapter 541, specifically engaging in Unfair Insurance Practices causing Plaintiff significant independent injury.

42. The Defendant misrepresented to the Plaintiff the material facts or policy provisions relating to the coverage at issue, including the extent of the damage to the insured property, which violated the provisions of Texas Insurance Code §541.060(a)(1).

43. The Defendant's actions caused the Plaintiff significant financial loss, mental anguish, and emotional distress, meriting recovery under Plaintiff has suffered independent injuries in the form of actual damages, including but not limited to financial loss, mental anguish, and emotional distress, as a result of the Defendant's Unfair Insurance Practices, entitling Plaintiff to relief under Texas Insurance Code §541.152.

44. The Defendant's conduct was a producing cause of the damages suffered by Plaintiff.

45. As a direct and proximate result of Defendant's Unfair Insurance Practices, Plaintiff has been damaged in an amount to be determined at trial. The conduct of the Defendant was committed knowingly. Pursuant to Texas Insurance Code §541.152 and §541.160, Plaintiff the amount of Plaintiff's actual damages, consequential damages, and punitive damages, plus reasonable and necessary attorney's fees, costs, and interest.

46. The precedent set by the Supreme Court of Texas in *USAA Texas Lloyds Company v. Gail Menchaca* (545 S.W.3d 479 (2018)) supports the Plaintiff's claim for damages resulting from independent injuries caused by the Defendant's breach of statutory obligations. The Plaintiff's damages in this case are not

solely based on the denial of policy benefits but are a result of the Defendant's multiple violations of the Texas Insurance Code, making them eligible for relief.

47. Therefore, the Plaintiff is entitled to recover damages for the independent injuries resulting from the Defendant's statutory violations, as per the independent-injury rule established by the Texas Supreme Court.

## COUNT 6:
## TEXAS FINANCE CODE 304.104
## CLAIM FOR PRE-JUDGMENT INTEREST

48. Plaintiff is also entitled to pre-judgment interest at 8% per annum from the date the claim arose until judgment, under Texas Finance Code Section 304.104.

49. Under Texas law, pre-judgment interest is considered compensation, not a penalty. It is a tool used to compensate the creditor for the lost use of their money from the time the loss was incurred until judgment is entered (Phillips Petroleum Co. v. Stahl Petroleum Co., 569 S.W.2d 480, 485 (Tex. 1978)).

50. Plaintiff sent written notice to Defendant regarding the amount due. However, despite multiple attempts, Plaintiff has not received the due payment.

## VII.
## Damages and Prayer

51. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from

Defendant the following:

a. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained by Plaintiff.

b. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees.

c. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees. See *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.)  For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages.  See TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

d. For noncompliance with *Texas Prompt Payment of Claims Act*, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of her claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which she may show here to be justly entitled.  See *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—Dallas Aug. 15, 2001, pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" equals the principal, "R" equals the rate of interest, and "T" equals time over which interest is to be calculated.  Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer.  Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made. See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc*., 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied).  Also See *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997).  Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e. For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury.  See *Lee v. Safemate Life Ins. Co.*, 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).  Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in

other tort actions.

f. Plaintiff seeks attorney fees at a contingent rate of forty-five percent as allowed by law. If attorney fees must be quantified at an hourly rate, Plaintiff seeks attorney fees at $750 an hour. See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter, and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fee awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

g. Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

h. For pre-judgment interest on the amount due, calculated from the day the claim arose until the date of the judgment, at the rate of eight percent per annum or the current judgement rate as identified on the Texas Office of Consumer Credit Commissioner, as per Section 304.104 of the Texas Finance Code.

## VIII.

## **AMENDED NOTICES UNDER 542A**

52. Only in the event that both underlying action is a claim to which 542A applies and the insurer has paid in full any applicable appraisal award, please consider this an amended and updated notice under 542A.003(b)(2) that the specific amount alleged to be owed by the insurer on the claim for damage to or loss of the property covered is $0. Plaintiff only seeks the statutory interest and pre-judgment interest, which Defendant has not paid, the release of any applicable recoverable depreciation, and the attorney's fees Plaintiff incurred throughout this process.

## **XI.**

## OBJECTIONS

53. If applicable, Plaintiff files their written objection to Defendant conflating an appraisal award as a judgment under 542A. A judgment, in its conventional definition, is a final decision rendered by a court of law, establishing the rights and obligations of the parties involved. This process is fundamentally different from the appraisal process under an insurance policy. An appraisal award under an insurance policy is a mechanism designed to resolve disputes regarding the amount of loss covered by the insurance policy. It is not a final legal resolution of a dispute but rather an attempt to reach an agreement on the value of a loss. Hence, an appraisal award under an insurance policy is an entirely different creature than a legal judgment, and the two should not be conflated under Section 542A. As discussed in this petition, 542 can still be available to the insured after the completion of the appraisal process. Any attempts by an insurance company to provide false or misleading information to avoid paying a valid claim would constitute a serious violation of Section 541 of the Texas Insurance Code. Section 541 is designed to protect consumers from deceptive trade practices in the insurance industry. It prohibits any misrepresentation of an insurance policy, especially concerning coverage, benefits, advantages, conditions, or terms of the policy. By providing false information to avoid paying a valid claim, an insurance company would be engaging in deceptive and dishonest practices.

## X.

## JURY DEMAND

54. Plaintiff respectfully demands a trial by jury and will remit this fee at the appropriate time.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**
*/s/ Eric B. Dick*

        Eric B. Dick[1,2,3]
        TBN: 24064316
        FIN: 1082959
        **DICK LAW FIRM, PLLC**
        3701 Brookwoods Drive
        Houston, Texas 77092
        (844) 447-3234 - Office & Facsimile
        eric@dicklawfirm.com
        www.dicklawfirm.com
        **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I certify that in accordance with the Federal Rules of Civil Procedure, I served a true and correct copy of the above on the parties of record. This service was made in a manner appropriate under the Federal Rules of Civil Procedure.

     SIGNED on April 26, 2024.

*/s/ Eric B. Dick*
Eric B. Dick
TBN: 24064316
FIN: 1082959

---

[1] In 2016, Eric Dick was duly elected to serve a six-year term as a Trustee for Harris County Department of Education. In 2023, Eric Dick was appointed to serve the remainder of a six-year term for Trustee for Harris County Department of Education. At Harris County Department of Education, Eric Dick served as the board Vice-President, President, and President Emeritus.

[2] At Harris County Department of Education, Eric Dick co-founded the building and creation of Texas' first public recovery high school, a program to help pay teachers for the children's school supplies, and the building of Texas' largest public adult education facility.

[3] In addition to being a licensed attorney and holding a Juris Doctorate and graduating Cum Laude, Eric Dick holds a Masters in Laws and Letters from the University of Alabama (2010), a Master's in Business Administration from Rice University (2022), and a Masters in Master of Science in Quantitative Management from Duke University (2023).