IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEWS & MONICA DAWKINS,** *Plaintiffs,* | § § § § | |
| v. | § § | Civil Action No. 4:24-cv-639 |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY,** *Defendant.* | § § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ESKRIDGE:

COMES NOW Matthews & Monica Dawkins (herein "Plaintiff"), who hereby files his Response to Allstate Vehicle & Propety Insurance Company's (herein "Defendant") Motion to Dismiss, and respectfully shows the Court as follows:

### I.NATURE AND STAGE OF THE PROCEEDING

1. This litigation stems from an insurance coverage dispute regarding a claim made by Plaintiffs Matthews and Monica Dawkins for alleged water damage to their residential property located at 4430 Kulkarni Street, Houston, Texas 77045. The Dawkins initiated the action by filing their Original Petition against Defendant Allstate Insurance Company in the 333rd Judicial District Court of Harris County, Texas on January 18, 2024. Allstate was served with the lawsuit on January 24, 2024. Thereafter, Allstate properly exercised its right to remove the case to this United States District Court for the Southern District of Texas on February 23, 2024 [Doc. 1].

1

## II. ISSUE PRESENTED

The issues to be decided by this Court include,

a. Plaintiff's First Amended Complaint provides all relevant requirements supporting Plaintiff's breach of contract claim sufficiently, pleads facts supporting Plaintiff's extra-contractual claims sufficiently and establishing an independent injury supporting Plaintiff's extra-contractual claims sufficiently.

b. The First Amended Complaint of the Plaintiff articulates extra-contractual claims in conformity with the requirements of Rule 9(b).

c. Plaintiff's Texas Insurance Code Chapter 542 cause of action satisfies Rule 9(b).

## III. STATEMENT OF FACTS

2. Plaintiff Dawkins respectfully requests this Court dismiss Defendant's 12(b)(6) Motion to Dismiss Plaintiff's because Defendant still failed to state a claim that its adjusters paid Plaintiff's claim in full and did not act recklessly or negligently in conducting an unreasonable investigation to prevent Plaintiff from seeking additional relief under the policy.

3. Plaintiff Matthews and Monica Dawkins ("Plaintiff") sued Defendant Amguard Insurance Company ("Defendant Insurer") for breach of contract, Texas Deceptive Trade Practices Act ("DTPA") violations, Texas Insurance Code violations, breach of the duty of good faith and fair dealing and fraud based on Defendant Insurer's handling of Plaintiff's insurance claim. Defendant Insurer filed Defendant Insurer's Motion to Dismiss Plaintiff's Original Petition ("Defendant Insurer's Motion") Defendant Insurer argues that Plaintiff's petition consists entirely of conclusory statements and recitations of statutory language without any factual basis, requiring dismissal under Rules 12(b)(6) and 9(b). [Doc. 5]. Plaintiff filed Plaintiff's First Amended Complaint on April 26, 2024.

Disregarding the merits of the case, the Defendant baselessly argues that the Plaintiff's allegations are deficient and fail to meet the required level of detail and particularity. Defendant dismisses the Plaintiff's claims, alleging that they lack essential elements and supporting facts. Dismissing the Plaintiff's pursuit of justice, the Defendant belittles the complaint and undermines the Plaintiff's right to relief.

## IV. ARGUMENT AND AUTHORITIES

### A. Standard of Review

4. Federal Rule of Civil Procedure 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted." The complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level…" to survive a Rule 12(b)(6) motion to dismiss. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir 2007), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Plaintiff's First Amended Complaint states Plaintiff's breach of contract claim sufficiently.

5. A court must construe factual allegations in the complaint in the light most favorable to the plaintiff when considering a defendant's motion to dismiss. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Twombly*, 550 U.S. at 555-56. A court should deny the defendant's motion where the (1) complaint provides fair notice of the claim and (2) factual allegations suffice to show the right to relief is plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 555-56; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

6. The Plaintiff contends that the Plaintiff's amended complaint lacks sufficient detail,

notwithstanding the transfer of jurisdiction. However, the Defendant seemingly misconstrues the immutable nature of the underlying facts of the case, irrespective of their acceptance. The Plaintiff's endeavor to rearticulate the facts and assertions in an alternative manner aims to facilitate the Defendant's comprehension of the Plaintiff's claims.

7. Breach of contract elements considered under Texas law are a "(1) valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio, pet. denied.).

8. When applying elements to the case, the first thing is that parties entered into a valid enforceable contract when signing the policy. Secondly, the insured and named party is the Plaintiff. Further, Plaintiff complied with all conditions precedent by timely notifying Defendant of the loss, cooperating with the investigation, producing supporting documentation and submitting to all requested statements. As to the third element, Defendant breached the contract by failing to pay Plaintiff's claim in full despite the policy's obligation to do so. The fourth element is Plaintiff suffered pecuniary loss as a direct result of Defendant's improper payment. These facts comply with all elements of a breach of contract based on Texas substantive law.

9. In essence, the Defendant's actions appear to exhibit bad faith in marketing an insurance policy without genuine intent to fulfill its obligations. Such behavior raises concerns about the Defendant's motivation to profit at the expense of policyholders. Individuals seek Insurance Companies for protection, yet the Defendant has displayed disrespect toward its Insured parties.

10. The Defendant's purported defense against the Plaintiff is not addressing the actual merits of the case. The Defendant relies on the citation of other cases with analogous arguments, insinuating that the Plaintiff cannot assert any exclusive arguments for a recurring issue that has affected numerous insured parties throughout the years and decades. However, it is imperative to highlight that the Plaintiff will unswervingly adhere to the arguments that espouse what is genuinely equitable in this specific situation, whether or not such arguments have been presented in previous cases.

### C. Plaintiff's First Amended Complaint does not plead Fraud.

11. A claimant must state circumstances constituting fraud or a DTPA violation with particularity in all pleadings alleging fraud or a DTPA violation. FED. R. CIV. P. 9(b); *see In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996). Here, Plaintiff's Original Petition states Plaintiff's allegations with particularity. However, the Plaintiff has voluntarily dismissed his Fraud claim in his First Amended Complaint.

### D. Plaintiff's First Amended Complaint pleads extra-contractual claims satisfying Rule 9(b).

12. The Plaintiff's Original Petition adequately alleges facts that support the extra-contractual claims, including violations of Texas Insurance Code Chapters 542. It is essential for a claimant to provide specific details regarding the circumstances that constitute violations of Texas Insurance Code Chapter 542 in all pleadings pertaining to such claims. FED. R. CIV. P. 9(b); see *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996). Here, Plaintiff added support in its First Amended Complaint to indisputably state allegations with particularity.

13. The Defendant Insurer's assessment of the Plaintiff's Texas Insurance Code Chapters 542 violations claims parallels their analysis of the Plaintiff's original claim. The Code includes

provisions that allow policyholders to seek reimbursement for reasonable attorney fees and fair interest in situations where their insurance company unreasonably delays or denies a claim See TEX. INS. CODE §§ 542.058, .060. Considering Plaintiff's claim for explosion and the uncooperative behavior exhibited by the insurer, the remedies sought by the Plaintiff are warranted. To reflect these circumstances, the Plaintiff has appropriately made amendments to his pleadings.

14. The Texas Insurance Code's Chapter 542 incorporates the Texas Prompt Payment of Claims Act (TPPCA). The Defendant's violation of Section 542.058 of the Texas Insurance Code is evident as it failed to settle the plaintiffs' insurance claim within the mandated sixty (60) day period after receiving all requested items, statements, and forms. The Plaintiff asserts that his TPPCA claim stems directly from the statute itself rather than from the terms outlined in the insurance policies. Consequently, he argues that the contractual limitation should not be applicable to his TPPCA claim. Moreover, the plaintiff contends that the contractual limitation mentioned in the insurance policies solely pertains to claims arising from the breach of duties imposed by the policies themselves and should not be extended to the TPPCA claim. It is essential to consider these arguments to accurately assess the Plaintiff's position in this matter.

15. Defendant violated Section 541.060, which defines unfair settlement practices including (1) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement once liability becomes clear; (2) Failing to provide a reasonable explanation for denying a claim; (3) Failing to affirm or deny coverage within a reasonable time. Refusing to pay a claim without conducting a reasonable investigation. Clear Blue violated several sections of Chapter 541, including failing to reasonably investigate the claim, failing to disclose denials,

failing to accept/deny the claim in a timely manner, and misrepresenting damages. All these are satisfied with Rule 9(b) standards.

### E. **Plaintiff's Remaining Claims are Viable**

16. Despite the Defendant's steadfast denial and refusal to acknowledge their extra-contractual liabilities and obligations, the Plaintiff remains resolute in seeking justice and rightful reimbursement. Undeterred by the Defendant's obstinate stance, the Plaintiff is determined to pursue their claim with unwavering determination.

17. Moreover, the Plaintiff is well aware that their fight for justice extends beyond their individual case. By standing firm in their pursuit, they hope to set a precedent that will deter the Defendant and other entities from shirking their responsibilities and neglecting their duties to those they have insured. The Plaintiff's tenacity and determination are fueled not only by the desire to obtain rightful reimbursement but also by the pursuit of a fair and just legal system. Their commitment to seeking the truth and holding the Defendant accountable is a testament to their unwavering spirit and commitment to upholding justice.

18. By amending the complaint, the Plaintiff seeks to offer a comprehensive and detailed explanation of the harm caused by the Defendant's actions. The Plaintiff anticipates that the amended complaint will compel the Defendant to acknowledge their failure in fulfilling their obligation to compensate the Plaintiff for the entirety of the damages suffered. It is crucial for the Plaintiff to receive not only the actual damages but also any statutory and prejudgment interest rightfully owed, considering the extent of the harm caused.

19. The Defendant seeks to dismiss the Plaintiff's extra-contractual claims by arguing there is no "independent injury" alleged. However, this oversimplifies the situation, as the Plaintiff is seeking justice for both property damage and mental distress caused by the Defendant.

The Plaintiff's Amended Complaint aims to address the full extent of the harm suffered, emphasizing the interplay between tangible and intangible damages. A comprehensive understanding of the case is necessary to ensure a fair and just resolution that upholds principles of justice and fairness. The mental damage caused by the Defendant is not being mentioned to configure an independent injury because the damages concerning the property should be enough to satisfy the justice Plaintiff is seeking in the Amended Complaint.

20. The amended complaint will then provide a comprehensive and detailed account of the damage inflicted by Defendant Insurer and repair what the Defendant considers not being complied with the federal rules. The Plaintiff firmly anticipates that the Defendant will acknowledge their failure in remitting the full amount of damages owed, which should encompass not only the actual damages but also pre-judgment interest. Consequently, the motion presented by Defendant Insurer is rendered moot concerning those particular claims.

### F. <u>First Amended Complaint complies with Federal Rule of Civil Procedure 8(a).</u>

21. In Plaintiff's First Amended Complaint, Plaintiff has cured the pleading deficiencies previously identified by this Court. The amended pleading now sets forth a short and plain statement showing his entitlement to relief against Defendant Insurer. Dawkins' First Amended Complaint provides factual allegations that are more than mere conclusory statements. The amended complaint specifies the dates, parties involved, insurance policy at issue, details about the claimed loss event in October 23, 2022, Defendant Insurer alleged deficient investigation and coverage determination, and the resulting damages suffered by Plaintiff. Plaintiff has met the liberal pleading standards embodied in Rule 8(a) of the Federal Rules of Civil Procedure.

### E. Sanctions are Not Applicable

22. Allstate's claim that this lawsuit is frivolous or groundless is without merit. Plaintiffs have provided a reasonable estimate from a licensed public adjuster totaling $56,772.30 in covered damages from the water leak incident.[1] The existence of a factual dispute over the extent of damages or Plaintiffs' compliance with policy conditions does not make this lawsuit frivolous or groundless. It simply raises issues of fact that cannot be resolved on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

23. Specifically, Allstate's argument that Plaintiffs failed to comply with post-loss conditions is not a basis for sanctions - it is a potential defense on the merits that Allstate can raise through a motion for summary judgment if appropriate. But the mere existence of this defense does not make Plaintiffs' claims so groundless as to warrant sanctions. There is at least an arguable basis for Plaintiffs' claims based on the $56,772.30 damage estimate from their public adjuster. Any disputes over compliance with policy conditions go to the merits and must be resolved through summary judgment or trial, not through sanctions on the pleadings stage. See Fed. R. Civ. P. 56.

24. For these reasons, Plaintiffs respectfully request that the Court deny Allstate's motion for sanctions. This is not a frivolous case, but one involving factual disputes that should proceed to further litigation in accordance with the Federal Rules of Civil Procedure.

### V. CONCLUSION AND PRAYER

25. The Plaintiff has alleged that the Defendant Insurer, along with its investigators and adjusters,

---

[1] *See*, Exhibit A – Plaintiff's Damages Estimate

conducted an unreasonable investigation with reckless disregard. This behavior aimed to unjustly reduce the Plaintiff's claim for the covered loss and hinder the Plaintiff from seeking additional relief under the Defendant Insurer's Policy. The Plaintiff has provided these allegations in a detailed manner, as required by the court. Therefore, the Plaintiff respectfully requests the Court to deny the Defendant Insurer's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) and grant the Plaintiff all other entitled relief, based on the reasons stated above. In the alternative, if the Court determines that the Plaintiff's causes of action were not sufficiently pleaded, the Plaintiff requests the Court's permission to amend the complaint accordingly.

Respectfully submitted,

*/s/ Eric B. Dick*
Eric B. Dick,
LL.M. TBN:
24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF MATTHEWS & MONICA DAWKINS**

## CERTIFICATE OF SERVICE

I certify I served record parties a true and correct copy of the above in a method appropriate under Federal Rules of Civil Procedure.

Signed April 26, 2024

*/s/ Eric B. Dick*
Eric B. Dick,
LL.M. TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC