UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW AND MONICA DAWKINS, § <br>    *Plaintiffs*, § <br> § <br> **v.** § <br> § <br> **ALLSTATE VEHICLE & PROPERTY** § <br> **INSURANCE COMPANY** § <br>    *Defendant*. § | Civil Action No. 4:24-cv-639 <br><br> JURY TRIAL REQUESTED |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS AND SANCTIONS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Defendant Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") and files this, its Reply to Plaintiffs' Response to Defendant's Motion to Dismiss and Sanctions, and would respectfully show unto the Court as follows:

## I.  ARGUMENTS

**A. Plaintiffs have still not satisfied Federal Rule 8(a)(2) and 9(b) of the Federal Rules of Civil Procedure so as to defeat Defendant's 12b6 Motion to Dismiss.**

Plaintiffs have still not provided, even in their Amended Complaint, the factual information necessary to satisfy the "Who, What, When, Where, and How" to survive Defendant's 12b6 Motion to Dismiss and Motion for Sanctions.[1]  The Amended Complaint does not satisfy the necessary pleading requirements of Rule 8(a)(2) and 9(b).  As such, the Motion to Dismiss should be granted, similar to numerous other granted Motions to Dismiss in the Southern District against the same Plaintiffs' law firm for relying upon mere boilerplate allegations devoid of the necessary

---

[1] *Ashcroft v. Iqbal*, 556 US 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d. 868 (2009); *Bell Atlantic Corporation v. Twombly*, 550 US 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d. 929 (2007) and *LNY 5003 LLC v. Zurich American Insurance Co.*, 631 F.Supp. 3d. 431, 433 (S.D. Tex. 2022).

factual information so that Defendant (Allstate) can know the specifics of each cause of action in order to effectively defend against same.

**B. Plaintiffs failed to cooperate and fulfill its duty under the Insurance Policy to provide reasonably requested information to Allstate.**

Plaintiffs have wholly failed to even respond to the fact that Plaintiffs completely ignored Allstate's evenhanded request that Plaintiffs provide additional information while the claim was being investigated. Allstate asserted same in its Motion to Dismiss, and as stated, Plaintiffs have not said one word about it in their Response. Plaintiffs were required under the subject insurance policy to provide such information per the request by Allstate, but instead, submitted a fake invoice from a contractor and disguised her voice when calling Allstate claiming to be a contractor who had allegedly completed prior repairs where prior insurance proceeds had been provided. Plaintiffs' failure to even response to this deplorable conduct by Plaintiffs make clear that this Motion to Dismiss and Motion for Sanctions should be granted.

**C. Alleged independent injury.**

Plaintiffs attempt to claim an independent injury in the Amended Complaint but failed to specifically plead the elements of alleged mental anguish that would possibly allow this claim to survive a 12b6 Motion to Dismiss. Plaintiffs were required to plead same to be able to go forward with an independent injury claim, but have failed to do so. As such, the live Pleading is still deficient and subject to Allstate's Motion to Dismiss under Rule 12b6.

**D. Allstate is mistakenly referred to as a different insurer in numerous locations in the Response.**

Plaintiffs also mistakenly referred to other insurers in the response to the Motion to Dismiss and Motion for Sanctions. Specifically, on page 2 of the Response, Plaintiffs refer to insurer as "AmGuard Insurance Company" when it clearly is Allstate. On page 6, Plaintiffs refer to "Clear

Blue" as the insurer. Finally, in the proposed Order Denying the Motion to Dismiss and Motion for Sanctions, Plaintiffs refer to the insurer as "State Farm Lloyds." This ably demonstrates that Plaintiffs' counsel's total reliance on boilerplate pleadings, many of which have been stricken by the Southern District for the failure to sufficiently plead the necessary facts of each cause of action in order to satisfy the Rule 12b6 standards and related rules.[2]

### E. Improper and "throwdown" affidavit.

Finally, and most egregiously, Plaintiffs submitted an affidavit from a deceased individual in their Response. Specifically, the affidavit attached to Response by Plaintiffs and dated April 25, 2024 is a "throwdown" affidavit and a physical impossibility since the affiant, Richard Gadrow, passed away on June 2, 2023, almost a year ago. Thus, Mr. Gadrow could not have provided an affidavit on April 25, 2024. A similar issue arose between the same two law firms in a case pending here in the Southern District, *Barbara v. AmGuard Insurance Company*, C.A. No. 4:22-cv-02905, the Honorable George Hanks presiding. As noted by the attachments to this Reply, the undersigned law firm discovered that Richard Gadrow, designated as an expert by the Plaintiffs' law firm, was deceased and Plaintiffs' law firm was intentionally misleading the undersigned law firm about whether Mr. Gadrow could be produced for depositions when the Plaintiffs' law firm knew or should have known that Richard Gadrow was deceased many months earlier.[3] As noted by such attachment, the undersigned law firm discovered that Richard Gadrow, designated as an expert by the Plaintiffs' law firm, was no longer alive and Plaintiffs' law firm was intentionally misleading

---

[2] See Allstate's Motion to Dismiss and Motion for Sanctions, bottom of Page 7 in which several cases are listed in which similar boilerplate allegations and pleadings have been rejected by the Courts in the Southern District.

[3] As notes by the attached, Mr. Gadrow passed on June 2, 2023. As also noted by the attached, Plaintiffs' law firm responded that there was confusion regarding the death of Richard Gadrow, and contended that Brandon Gadrow, the son of Richard Gadrow, sometimes would go by Richard Brandon Gadrow. On the contrary, Brandon Gadrow testified that he only goes by Brandon Gadrow and that any estimate provided where it says, "operator: Rick.qcc", would be the work of his father, Richard Gadrow.

the undersigned law firm in that regard. Furthermore, the excuses given by Plaintiffs' law firm turned out to be false when Richard Gadrow's son, Bradon Gadrow, testified that he never goes by Richard Gadrow, and that an estimate done by Richard Gadrow, the deceased, would have the notations "rick.qcc." Here, the estimate in this case attached to the Response is indeed done by "Rick.qcc." This was just two days before Richard Gadrow passed, which raises several suspicions. Regardless, the affidavit attached to the Response dated April 25, 2024 and signed by Richard Gardrow, is an impossibility. So the estimate should be ignored and stricken, and this conduct by the Plaintiffs' law firm even more supports the Motion for Sanctions.

## II.   Conclusion

Plaintiffs have still failed to satisfy the requirements of Rule 12b6 with its Amended Complaint. Most specifically, these boilerplate allegations do not satisfy the requirements of Rules 8(a)(2) and 9(b). It is virtually impossible for Allstate to specifically know how to defend against these allegations given the boiler plate form which has been rejected by several Courts in the Southern District with respect to the same law firm representing Plaintiffs.

Furthermore, Plaintiffs' law firm presents a "throwdown" affidavit which could not have been executed by Richard Gadrow on April 25, 2024, when the affidavit purports to be signed, because Richard Gadrow had been deceased for almost one year. This alone raises huge suspicions about the estimate allegedly done by Richard Gadrow just two days before he passed. Furthermore, this "throwdown" affidavit provides additional support for the Motion for Sanctions filed by Allstate against Plaintiffs. Accordingly, the 12b6 Motion to Dismiss by Allstate should be granted by this Court, along with the Motion for Sanctions, and the awarding of attorney's fees in the amount of $7,500, supported by the affidavit of the undersigned counsel in such Motion.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: <u>/s/ Michael W. McCoy</u>
    **Michael W. McCoy**
    State Bar No. 13471850
    SDTX Federal No. 3801
    E-mail: mccoy@mdjwlaw.com
    **Kurstin P. Grady**
    State Bar No. 24136868
    SDTX Federal No. 3866997
    E-mail: grady@mdjwlaw.com

808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT**
**ALLSTATE VEHICLE & PROPERTY**
**INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2024, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

Eric B. Dick
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

<u>*Via ECF:*</u>
*eric@dicklawfirm.com*

<u>/s/ Michael W. McCoy</u>
Michael W. McCoy