Case 4:24-cv-00639   Document 23   Filed on 02/18/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW & MONICA DAWKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-0639 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## SHOW CAUSE ORDER

Pending before the Court is Defendant Allstate Vehicle and Property Insurance Co.'s ("Allstate") Motion to Dismiss and for Sanctions on Plaintiff's Counsel. (Doc. No. 7). Plaintiffs Matthew and Monica Dawkins ("Plaintiffs") filed a First Amended Complaint, (Doc. No. 13), and a Response. (Doc. No. 14). Allstate then filed a Reply arguing that the First Amended Complaint also fails the Rule 12(b)(6) standard and again moving for sanctions. (Doc. No. 15). Upon reviewing this and similar cases, the Court is faced with several facts that raise major concerns.

On April 5, 2024, Allstate filed a Motion to Dismiss and for Sanctions on Plaintiffs' counsel, Eric Dick, for filing a frivolous lawsuit. (Doc. No. 7). On April 26, 2024, presumably to rebut the accusation of frivolousness, Plaintiffs' counsel filed an affidavit from a designated expert, Richard Gadrow, stating that Gadrow appraised Plaintiffs' home on May 31, 2023, and found actual damage. (Doc. No. 14-1). The affidavit was "signed" by Gadrow on April 25, 2024. (*Id.*). Complicating things for Plaintiffs' counsel, is the fact that Gadrow died almost a year earlier on June 2, 2023 after an allegedly difficult battle with brain cancer. This is a fact known to Plaintiffs' counsel since at least December of 2023. (Doc. No. 15-1).

The Court was presented with evidence that Plaintiffs' counsel learned of Gadrow's death on December 11, 2023, at the very latest. (Doc. No. 15-1). Plaintiffs' counsel has been previously sanctioned for relying on "expert opinion" from Gadrow without Gadrow's knowledge. *See Aleman v. Standard Cas. Co.*, No. 1188597 (Co. Ct. at Law No. 3, Harris County, Tex. Oct. 17, 2023). In that case, Gadrow stated in a January 2023 deposition that he had never been asked to serve as an expert and did not write the report counsel filed. Following the trial court's sanctions, counsel was quoted by a news outlet to the effect that the trial judge was corrupt, and that when Gadrow made those statements in January of 2023, he was "delusional" because "he was in the final stages of brain cancer."[1]

Consequently, counsel knew that Gadrow was chronically ill and delusional by January of 2023 at the very latest. Nevertheless, counsel was still designating Gadrow as a testifying expert as late as May 9, 2024. *See Barbara v. AmGuard Ins. Co.*, No. 4:22-cv-2905, Doc. No. 56 (S.D. Tex. May 10, 2024) (dismissing Gadrow as a retained expert because of his death in June of 2023).

In his pleadings before this Court, counsel alleged that Gadrow, while apparently delusional and dying according to counsel's prior statements, performed an inspection and appraisal on May 31, 2023, two days before his death. (Doc. No. 14). Further, counsel filed a sworn affidavit, allegedly signed by Gadrow before a notary public on April 25, 2024—approximately ten months after his death. (Doc. No. 14-1).

Federal Rule of Civil Procedure 11(b) states in pertinent part that when a lawyer files a pleading or declaration, the attorney is certifying that:

---

[1] Jim Sams, *Houston Plaintiffs' Attorney Sanctioned for Groundless Lawsuit Against Insurer*, Claims Journal, (November 28, 2023) https://www.claimsjournal.com/news/southcentral/2023/11/28/320602.htm; *see also* Elizabeth Sander, *Harris County Official Eric Dick Sanctioned over $250K for Mishandling Lawsuits in Private Practice*, Houston Chronicle (Jan. 26, 2024), https://www.houstonchronicle.com/news/houston-texas/education/article/harris-county-education-trustee-sanctioned-250k-18628504.php.

2

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Clearly, filing an affidavit purportedly signed by a dead man violates both the tenor and text of Rule 11. This is especially true since this does not seem to be the first time something similar has happened. Based on those facts, it seems that Plaintiffs' counsel has knowingly falsified or at least filed a falsified sworn affidavit for the purposes of deceiving the Court. Also at fault would be Louis Charles Taylor, Jr., the notary public, who notarized and swore that a dead person signed an affidavit 10 months after the affiant's death. As such, counsel is hereby **ORDERED** to show cause by **March 7, 2025**, as to why:

(1) this case should not be dismissed with prejudice;

(2) Rule 11 sanctions should not be imposed on Plaintiffs or their counsel;

(3) Counsel should not be referred to the State Bar of Texas for a formal investigation and possible disbarment;

(4) Counsel should not be referred for disciplinary action in the Southern District of Texas;

(5) The notary public should not be reported to the appropriate state officials; and

(6) Counsel should not be referred to the United States Attorney's Office for a review of potential charges of perjury and wire fraud.

Defense counsel may respond, if they so choose, by **March 14, 2025.**

Signed this 18th day of February, 2025.

Andrew S. Hanen
United States District Judge

3