IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW & MONICA DAWKINS,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:24-CV-00639** |
| | § | |
| **ALLSTATE VEHICLE &** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Defendant.* | § | |

## PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER

TO THE HONORABLE JUDGE HANEN:

Plaintiffs file this Response to the Court's Show Cause Order dated February 18, 2025, and would respectfully show the following:

Defendant Allstate's Reply Brief (Doc. 15) contains serious misrepresentations to this Court that warrant correction and potentially sanctions. Allstate's counsel has knowingly presented false and misleading allegations about the purported submission of documents from a deceased person, when in fact they have direct knowledge that Richard Brandon Gadrow, the son of the deceased Richard A. Gadrow, continues to operate the family business and regularly provides estimates for Allstate claims. The undersigned is aware of at least 50 such Allstate claims where Richard Brandon Gadrow has been named as the appraiser.

The true facts are straightforward. Richard A. Gadrow, who passed away on June 2, 2023, worked alongside his son Richard Brandon Gadrow in the family's professional estimating business. Both father and son used the professional signature "RICK.QCC" in their estimates - a practice that continues legitimately today with the son. The April 2024 affidavit referenced in this

matter was properly executed by Richard Brandon Gadrow, not his deceased father, and was properly notarized based on verification of his identity.

Most troubling is Allstate's counsel's decision to present allegations about a "throwdown affidavit" and submissions from a "dead person" when they have direct knowledge to the contrary. Richard Brandon Gadrow has served as an estimator on several Allstate claims since before and after his father's passing, using the same professional electronic signature "RICK.QCC" generated by the estimating software used. One such example[1] is the October 26, 2023, estimate for claim number DICKLAW-23269HOU, which Allstate received and processed.

Allstate's assertion that these documents were submitted by a deceased person is demonstrably false and appears calculated to prejudice the Court against Plaintiffs' counsel. In fact, the estimate dated October 26, 2023, was completed by Richard Brandon Gadrow, as Allstate well knows, having processed and handled the claim. This estimate, like all others prepared by Richard Brandon Gadrow, bears the signature "RICK.QCC" - a practice Allstate has accepted without question on dozens of claims since June 2023.

The Reply Brief's inflammatory allegations about submitting documents from a deceased person are particularly egregious given Allstate's regular business dealings with Richard Brandon Gadrow. Allstate's counsel either failed to perform even basic due diligence before making these serious allegations or, more concerning, deliberately chose to mislead the Court despite knowing the truth.

---

[1] Only one of several different estimates from different cases is being provided herein purely by way of example and to make a point.

To support these facts, we submit:

Exhibit A: A sworn declaration from Richard Brandon Gadrow explaining his professional history, his continuation of the family business after his father's passing, and his consistent use of "RICK.QCC" as his professional signature;

Exhibit B: A sworn declaration from Louis Charles Taylor, the notary public, confirming proper verification of Richard Brandon Gadrow's identity for the April 2024 affidavit;

Exhibit C: The October 26, 2023 estimate demonstrating Richard Brandon Gadrow's continued legitimate business operations;

Each point in the Show Cause Order can be readily addressed. First, this case should not be dismissed because there has been no deception or misrepresentation to the Court. All documents were properly executed by Richard Brandon Gadrow in his continuing professional practice. Second, Rule 11 sanctions are not warranted against Plaintiffs or their counsel as all submissions have been made in good faith and with proper verification. However, the Court may wish to consider whether Allstate's counsel's conduct in filing Doc. 15 warrants Rule 11 sanctions. Third, there is no basis for referral to the State Bar of Texas as no ethical violations have occurred. The documents at issue were properly executed by a qualified professional continuing his family's business practice. Fourth, no basis exists for disciplinary action in the Southern District of Texas for the same reasons. Fifth, the notary public acted entirely properly in verifying Richard Brandon Gadrow's identity and documenting his signature. Finally, there is no basis for referral to the United States Attorney's Office as no criminal conduct has occurred. All documents were properly executed by the identified individual.

In fact, the most concerning conduct before this Court is Allstate's counsel's apparent attempt to mislead the Court through Doc. 15. Despite having direct knowledge of Richard Brandon Gadrow's continued professional practice - evidenced by dozens of claims handled since June 2023 - Allstate's counsel chose to present inflammatory allegations about "throwdown" affidavits and submissions from a deceased person. This conduct raises serious questions about counsel's compliance with their duties of candor and good faith under Rule 11.

The evidence before the Court demonstrates a legitimate family business succession where professional practices, including signature conventions, were maintained. Richard Brandon Gadrow's use of "RICK.QCC" as his professional signature is consistent with the family business practice and has been repeatedly accepted by Allstate in the ordinary course of business. This includes the October 26, 2023 estimate, which Allstate processed without question, belying their current allegations about improper signatures or submissions.

Contrary to Allstate's inflammatory allegations, there is no evidence of any attempt to deceive this Court or any other. Richard Brandon Gadrow has continued his legitimate professional practice following his father's passing, maintaining the same business location, professional standards, and signature conventions. Allstate's suggestion otherwise appears calculated to prejudice this Court against Plaintiffs and their counsel while obscuring Allstate's own familiarity with the true facts.

The Court should also note that Allstate's counsel's representations about Brandon Gadrow's testimony are false. Counsel claims in Doc. 15 that "Brandon Gadrow testified that he only goes by Brandon Gadrow" and that estimates with "rick.qcc" were his father's work. This is a direct misrepresentation to the Court. Neither the undersigned nor Brandon Gadrow are aware of any such testimony and seriously question its existence. Richard Brandon Gadrow regularly

uses "RICK.QCC" in his professional capacity, as evidenced by the October 2023 estimate and numerous other claims handled by Allstate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court:

1. Discharge the Show Cause Order without imposing any sanctions or taking any adverse action;

2. Consider whether Allstate's counsel's conduct in filing Doc. 15 warrants sanctions or other appropriate action;

3. Grant such other and further relief to which Plaintiffs may be justly entitled.

Dated: March 7, 2025.

                Respectfully submitted,

                */s/ Eric B. Dick*
                Eric Dick, LL.M.,
                TBN: 24064316
                FIN: 1082959
                DICK LAW FIRM, PLLC
                3701 Brookwoods Dr.
                Houston, Texas 77092
                (844) 447-3234 Telephone
                eric@dicklawfirm.com
                **ATTORNEY FOR PLAINTIFFS**
                **MATTHEW & MONICA**
                **DAWKINS**

## CERTIFICATE OF SERVICE

     I certify I caused to be served a true and correct copy of the above to all parties that have appeared in this case through the electronic filing system.

*/s/ Eric B. Dick*
Eric B. Dick