UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MATTHEW AND MONICA DAWKINS,** *Plaintiffs,* | § § § | |
| v. | § § | Civil Action No. 4:24-cv-639 |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** *Defendant.* | § § § § | **JURY TRIAL REQUESTED** |

**DEFENDANT ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY'S REPLY IN SUPPORT OF THE COURT'S SHOW CAUSE ORDER**

TO THE HONORABLE JUDGE OF THIS U.S. DISTRICT COURT:

COMES NOW Defendant Allstate Vehicle and Property Insurance Company ("Allstate") and files this Reply in Support of the Court's Show Cause Order [Doc. 23]. In support thereof, Defendant Allstate will show the following:

**(A)** **The Declaration of Richard Brandon Gadrow is irrelevant because it relates to an entirely different claim, estimate, and inspection.**

1. In response to the Court's Show Cause Order, Plaintiffs filed a sworn Declaration of Richard Brandon Gadrow (hereinafter "Brandon" or "Brandon Gadrow"), in which Brandon declares that he "personally performed the inspection and prepared the estimate dated October 26, 2023 for claim number DICKLAW-23269HOU." [Doc. 24-1, para. 4]. That is not the estimate at issue in this case. The estimate at issue in this case lists the client as "Monica Dawkins", is dated May 31, 2023, and relates to "DICKLAW-23170HOU". [Doc. 14-1]. Simply put, Brandon Gadrow's Declaration relates to an entirely different client, property, inspection, estimate, and claim. In fact, it appears that the Declaration relates to the "example" estimate put forth by Plaintiffs' counsel as Exhibit C to its Response to the Court's Show Cause Order [Doc. 24-3],

1

which is not the estimate in this case.  As such, Defendant would ask that the Court ignore and/or strike Brandon Gadrow's Declaration for lack of relevance to Plaintiffs' case.

**(B)** **Moreover, Plaintiffs' Response to the Court's Show Cause Order and the Declaration of Richard Brandon Gadrow contain multiple statements that appear to conflict with prior sworn testimony.**

2.      In his Declaration, Brandon Gadrow proclaims that he "cannot recall ever telling anyone" that he goes explicitly by Brandon and not Richard, and that people close to him call him Brandon, but people who do not know him as well refer to him as Richard. [Doc. 24-1, para. 8]. He also makes certain declarations regarding the use of "Rick.QCC" on estimates and his involvement in his father's business prior to his passing. These sworn statements appear to be contradicted by the sworn testimony of both Richard and Brandon Gadrow in multiple prior cases.

**(1)     Brandon/Richard**

3.      In one case, Brandon Gadrow testified that he goes by his middle name (Brandon) because his father was also named Richard, but that they both used nicknames because "neither one of us really like "Richard" very much." Ex. A, at 6: 8-19. In another case prior to Richard A. Gadrow's (hereinafter "Richard Gadrow") passing, Richard Gadrow testified that his son's name was Brandon Gadrow and referred to him throughout the deposition only as "Brandon" and never as Richard. Ex. B, at 25: 12-14. In a third case, Brandon Gadrow testified that he "just [goes] by Brandon Gadrow" and that for an expert designation of Richard Gadrow that dates to at least 2022, and does not include a middle initial, the person designated "would have been my late father." Ex. C, at 9:12–10:2.

4.      Additionally, in a deposition given by Brandon Gadrow in August of 2024, it appears that he was sworn in as "Brandon Gadrow" without any mention of the name "Richard". Ex. L, *Reporter's Certification of Oral Deposition of Brandon Gadrow*.

5. Further, Defendant has obtained a listing from Brandon's high school alumni page which refers to him as "Brandon Gadrow", raising further questions as to the veracity of Brandon's Declaration. Exhibit D.

6. Moreover, in November of 2024, Brandon gave sworn testimony regarding Plaintiffs' counsels' naming practice with regard to expert designations: "[w]e share the same first and last name, so they – they do occasionally do that tricky, "We'll designate Richard Gadrow." Its like, which one?" Ex. A, 53: 5-10. This testimony in particular makes it difficult to understand Plaintiffs' counsel's assertion that Allstate sought to mislead the Court in that regard, as Brandon Gadrow himself finds the practice of using only their shared names as "tricky".

**(2)    "Rick.QCC"**

7. Brandon also previously testified that his father completed the estimate in that case because it says "Operator: Rick.QCC" on the estimate, which was his late father's Xactimate ID. Ex. C, at 42: 3-20. Brandon confirmed that "Rick" stood for his father, Richard, and "QCC" referred to Quantum Claims Consulting. Ex. C, at 42: 12-16. In response to whether the estimate listing "Rick.QCC" identified the name of any person, Brandon testified that it only identified his father and the homeowner. Ex. C, at 42: 17-20. Brandon did testify that he "believe[d]" he still had access to the Xactimate account, but again referred to it as his late father's account. Ex. C, at 42: 8-11. The business records affidavit attached to that particular estimate was sworn to by "Richard Gadrow", as was the April 25, 2024 Affidavit at issue currently. [Doc. 14-1].

8. He also testified to the only way to determine who prepared the "Rick.QCC" estimate bearing no other full names: "you absolutely had to get it from me." Ex. C, at 71: 4-13. This testimony makes it difficult to reconcile Plaintiffs' statement that Allstate has "accepted"

3

various estimates authored by Brandon Gadrow, which Brandon himself has acknowledged cannot be discerned from the estimate provided. Ex. C, at 71: 4-13.

### (3) Brandon's Involvement in QCC Prior to Richard's Passing

9. Brandon's Declaration also states that he has been "involved in the professional estimating business" alongside his father "since 2014", and represents that estimates authored by either he or his father during the nine years they worked together all bear the same "Rick.QCC" label. [Doc. 24-1, at para. 1-3].

10. However, Brandon's late father testified in 2019, that Richard writes the estimates, and that Brandon "just takes notes" on what Richard "dictate[s] to him as far as damage" and "measurements". Ex. B, at 12: 23-24, 15: 1-21. Richard also testified that Brandon was not involved in maintaining any records relating to inspections or estimates and stated that "Brandon keeps the calendar and that's about it." Ex. B, at 25: 8-11. Brandon also testified, with respect to an estimate dated February 2, 2023, that it was written by his father and he did not confirm the accuracy of it because he was "very hands off with the estimating process for a long time." Ex. A, at 66:20 – 67:1. Brandon testified that he would ask if his father "had any questions for me regarding my notes, but I would generally leave it up to him for the most part." Ex. A, at 67: 3-5.

11. Taken together, this testimony presents reasonable doubts as to the accuracy of the statements in Brandon Declaration herein, and at the very least, negates Plaintiffs' allegations that Allstate misrepresented its concerns to this Court regarding the April 25, 2024 Affidavit.

### (C) Further, **Defendant's statements regarding the April 25, 2024 Affidavit and May 31, 2023 Estimate are supported by substantial evidence and were made in good faith.**

12. In addition to the above testimony, Allstate noted multiple discrepancies in the April 25, 2024 Affidavit and attached estimate which added to its concerns, addressed individually below.

### (1)   Contents of Estimate Itself

13.   Brandon Gadrow previously testified that there are certain line items that his father would include in estimates that he does not, all of which are present in the estimate at issue in the instant case. [Doc. 14-1]. In a November 2024 deposition, Brandon testified that his father included general labor and residential supervision line items in his estimates as operating costs, but that Brandon no longer does. Ex. A, at 54: 3-21; 55: 19-24. Brandon noted that he could not testify to why his father included these items as operating costs instead of overhead because his father never passed that information down to him. Ex. A, at 55: 21-24. He further testified that he was asked by The Dick Law Firm, "at some point", to remove general conditions line items, outside of OSHA related requirements. Ex. A, at 56: 8-17. Brandon also testified that his father included health and safety protocols related to Covid-19 in his estimates as late as "early 2023", but that Brandon stopped including them "mid-2023 and 2024." Ex. A, 54: 12-19.

14.   The May 31, 2023 estimate at issue in this case, allegedly drafted by Brandon Gadrow, includes line items for "Residential Supervision/Project Management" totaling $11,611.20 and "General Laborer" totaling $3,317.55. [Doc. 14-1, at p. 3-4]. The estimate also includes a variety of health and safety protocols related to Covid-19, which Brandon testified that he stopped including in his estimates by mid-2023. [Doc. 14-1, at p. 4-5]. These line items are listed as general operating costs, rather than overhead and profit, which Brandon testified was a practice of his father's that he could not explain. [Doc. 14-1, at p. 3], Ex. A, at 55: 21-24.

### (2)   Affidavits/Documents Filed in Other Cases

15.   Business records affidavits of "Richard Gadrow" have been filed in numerous other cases by Plaintiffs' counsel in which Richard A. Gadrow was the affiant, and Defendant has

attached examples as Exhibits F-I, and M.[1] These affidavits list the affiant as "Richard Gadrow" and provide a space for the signature of "Richard Gadrow" in the exact format as the April 25, 2024 Affidavit.

16. In contrast, when filing business records affidavits of "Brandon Gadrow", Plaintiffs' counsel ordinarily indicates in some way that the affidavit relates to Brandon rather than Richard, as seen in Exhibits J-K. In the affidavit attached as Exhibit K, the affiant is clearly listed as "Brandon Gadrow", the signature block lists "Brandon Gadrow", and it was signed as "Richard B. Gadrow". In the affidavit attached as Exhibit J, the affiant is named as "Richard Brandon Gadrow", and the affidavit is signed as "Richard B. Gadrow". The Court should also note that the "Richard B. Gadrow" signature on both documents appear to be the exact same signature, despite being notarized nearly a month apart. Exhibits J and K.

17. Further, in *Ebony Mitchell v. Praetorian Insurance Company*, 4:23-cv-02049, Doc. 50 (S.D. Tex. April 8, 2024), the plaintiffs originally named Richard Gadrow as their expert and later substituted Brandon in June of 2023. [Doc 40-B]. The Court excluded the estimate prepared by Quantum Claims Consulting because it did not state the author and thus, the author could not be cross-examined. [Doc 50., at p. 10]. Despite Brandon being named as plaintiff's expert in that case, Plaintiffs' counsel filed a Motion for New Trial on May 6, 2024, along with a business records affidavit of "Richard Gadrow", titled the same as the April 25, 2024 Affidavit at issue here. Ex. F, at p. 6. The Motion for New Trial explicitly stated that the affidavit related to Mr. Gadrow, who had "over 20 years of experience in the construction industry." Ex. F, at para. 3. Taking as true Brandon Gadrow's Declaration herein stating he has been working in the industry since 2014, it is

---

[1] To avoid wasting the Court's time, Defendant submits the affidavits attached to this Reply as Exhibits F-K and Exhibit M, along with the first page of each respective estimate. If the Court desires to review each of the respective estimates in full, Defendant will supplement this Reply with same.

clear that this affidavit related to Richard Gadrow, not Brandon, even though it was filed after Richard's passing and after Brandon had been designated.

18. Comparing the documents routinely submitted by Plaintiffs' counsel, including that submitted in *Mitchell*, against the business records affidavit in the current case, it becomes clear that the April 25, 2024 Affidavit allegedly signed by Brandon Gadrow bears all of the hallmarks of documents filed for Richard Gadrow, rather than those previously filed for Brandon.

### (3) Plaintiffs' Expert Designations

19. Adding to the confusion created by the above-stated facts, Plaintiffs' Designation of Expert Witnesses filed with its Original Petition in state court names "Brandon Gadrow" as Plaintiffs' expert, without any use of "Richard". [Doc. 1-4, at p. 1]. Similarly to the business records affidavits, Plaintiffs' counsel typically delineates between expert designations of "Brandon" and "Richard", as they did in this case, which makes the Affidavit's lack of delineation all the more concerning.[2]

20. This distinction was particularly evident in *Barbara v. Amguard Ins. Co.*, No. 4:22-cv-2905, Doc. 56 (S.D. Tex., May 10, 2023), in which "Richard" Gadrow was dismissed as a retained expert due to his death in June of 2023. Barbara originally designated "Richard Gadrow" as her estimating expert in July of 2022, and the business records affidavit attached to Barbara's estimate, filed in October of 2023, was that of Richard Gadrow. Doc. 1-4, at p. 45, Doc. 18. Thereafter, Plaintiff filed its Amended Exhibit List in October of 2024, which included a document titled "Brandon Gadrow resume", and its Amended Witness List, which included "Brandon Gadrow". Docs. 55 and 56.

---

[2] See e.g. *Mitchell v. Praetorian Insurance Company*, 4:23-cv-02049, Docs. 40 and 41 (S.D. Tex. March 7, 2024) (attaching as Exhibits various examples of expert designations filed by Plaintiffs' counsel). Defendant will supplement this Reply with additional examples of same, should the Court so desire.

7

**(4)** **"Licensed Public Adjuster"**

21.     In their Response to Defendant's Motion to Dismiss, Plaintiffs pled that Allstate's claim for a baseless action is without merit because "Plaintiff have provided a reasonable estimate from a licensed public adjuster totaling $56,772.30 in covered damages from the water leak incident", and references the attached April 25, 2024 Affidavit and May 31, 2023 estimate. [Doc. 14, at para. 22]. However, as recently as November of 2024, Brandon Gadrow testified that he was not a licensed public adjuster, nor a licensed property and casualty adjuster. Ex. A, at 28: 1-6. Richard Gadrow also testified, prior to his passing, that he was not an adjuster or public adjuster as of 2019. Ex. B, 24: 8-9. A copy of Richard Gadrow's curriculum vitae filed in 2022 also does not include any public adjuster's licensing information, calling the true author of the Affidavit and Estimate into further question. Exhibit E.

**(D)**   **Moreover, the April 25, 2024 Affidavit contains inaccuracies separate and apart from this issue which warrant the estimate be stricken.**

22.     Defendant asks the Court to strike the April 25, 2024 Affidavit allegedly signed by Brandon Gadrow for failure to state the correct number of business records being attached. The business records affidavit allegedly signed by Brandon Gadrow states that one hundred and three (103) pages of records are attached, but only twenty-nine (29) pages are actually attached. [Doc. 14-1].

**(E)**   **Plaintiffs' counsel's assertion that Allstate "accepted" estimates authored by Brandon Gadrow following his father's death is irrelevant to this dispute.**

23.     Plaintiffs' counsel's contention that Allstate was aware that Brandon Gadrow continued operating Quantum Claims Consulting after his father's passing or "accepted" estimates from Brandon is irrelevant because they were not submitted with the same Affidavit at issue in this case.

24. Further, it is difficult to reconcile the assertion that Allstate knowingly accepted estimates authored by Brandon in light of his testimony that the only way to determine who prepared an estimate bearing "Rick.QCC" and no other full names: "you absolutely had to get it from me." Ex. C, at 71: 4-13.

### (F) Finally, Plaintiffs' counsel's assertion that Allstate or its counsel should face Rule 11 Sanctions is wholly without merit and misconstrues the relief sought by Allstate.

25. Finally, Defendant wishes to address Plaintiffs' counsel's inflammatory suggestions that the Court should consider imposing Rule 11 sanctions on Allstate or its counsel. As shown by the extensive evidence herein, Defendant's claims regarding the April 25, 2024 Affidavit have sufficient evidentiary support and were reasonably inquired into in this case, and understandably pointed out to this Court by Defendant.

26. Defendant also notes that the sort of reciprocal Rule 11 sanctions Plaintiffs suggest should be imposed on Defendant entirely misconstrue the relief sought by Allstate and the course of events in this litigation. Defendant Allstate did not move for Rule 11 Sanctions – it requested an award of its court costs and attorneys' fees pursuant to Tex. Ins. Code §541.153. [Doc. 7]. Plaintiffs submitted the April 25, 2024 Affidavit in response. Defendant pointed out the same "suspicions" it raises in this Reply and re-urged the Court to consider the award of the costs and attorneys' fees incurred to defend this baseless action. [Doc. 15, p. 3]. The Court, sua sponte, determined that these facts warrant Plaintiffs to show cause and ordered same. [Doc. 23].

### CONCLUSION AND PRAYER FOR RELIEF

THEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that this Court dismiss Plaintiffs Monica and Matthew Dawkins' Original and/or Amended Petition for failure to state any actionable claim and to award the sanctions authorized by the Texas Insurance Code and the Texas Deceptive Trade Practices Act, as prayed for herein, including Defendant's

9

attorneys' fees. Defendant also prays for any and all relief to which this Court may find it justly entitled.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By: */s/ Michael W. McCoy*
            **Michael W. McCoy**
            State Bar No. 13471850
            SDTX Federal No. 3801
            E-mail: mccoy@mdjwlaw.com
            **Kurstin P. Grady**
            State Bar No. 24136868
            SDTX Federal No. 3866997
            E-mail: grady@mdjwlaw.com
        808 Travis Street, Suite 1100
        Houston, Texas 77002
        Telephone: (713) 632-1700
        Facsimile: (713) 222-0101

        **COUNSEL FOR DEFENDANT**
        **ALLSTATE VEHICLE AND PROPERTY**
        **INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

            ***Via ECF:***

Eric B. Dick            eric@dicklawfirm.com
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

        */s/ Michael W. McCoy*
        Michael W. McCoy