**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MATTHEW & MONICA DAWKINS,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 24-CV-00639** |
| | § | |
| **ALLSTATE VEHICLE &** | § | |
| **PROPERTY INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant,* | § | |

**PLAINTIFFS' DESIGNATION OF EXPERT WITNESSES**

NOW COME, Plaintiffs Matthew & Monica Dawkins, pursuant to Federal Rule of Civil Procedure 26(a)(2), and identify the following witnesses who may present expert testimony in the above-captioned matter.

**I.**
**EXPERTS**

**1.  Richard Brandon Gadrow**
**Quantum Claim Consulting Services**
**30718 Meadow Edge Dr.**
**Magnolia, TX 77354**
**Phone: (832) 928-2287**
**Email: RBGadrow@gmail.com**
*Adjuster*

Mr. Gadrow may be called to testify as a property expert regarding the nature, existence of damage, cause, and value of the plaintiff's property and similar properties. Specifically, Mr. Gadrow will testify that the observed damages stem from a sudden and accidental discharge of water from a plumbing system within the primary bathroom of the house on or around the alleged date of loss. The expert will base his opinions on his training, education, experience, and review of the reports, estimates, data, and other documents previously presented or produced in this case, as well as each separate inspection of said property.

He may also testify about any estimates and reports prepared by individuals employed by the plaintiff in connection with their claim. He is an appraiser expected to testify about the damages related to the plaintiff's property, which, according to Mr. Gadrow's report, includes significant damage requiring extensive repairs. He identified damage in the master bathroom, kitchen, and dining room, including demolition and replacement of drywall, wood bases, painting, and texturing of walls and ceilings. Additionally, he recorded damage to kitchen cabinets, countertops, and

plumbing and electrical systems, noticing significant contamination from mold and hazardous waste, which required remediation measures, among others.

Mr. Gadrow's findings will highlight the significant financial implications of the damage and provide a clear plan for the restoration process.

Please see attached Exhibit A for the Estimate from Quantum Claim Consultants.

**2.  Eric Dick**
**Hon. Eric Dick, LL.M.**
**Dick Law Firm, PLLC**
**3701 Brookwoods Dr.**
**Houston, Texas 77092**
**(832) 207-2007**
**www.dicklawfirm.com**

Mr. Dick is expected to testify as to the reasonable attorney fees, and as to the cost and expenses of litigation to be awarded to Plaintiff in this matter and may testify in rebuttal and/or opposition to any attorney's fees and any costs and/or expenses sought by Plaintiff.

Mr. Dick's opinions shall rely mainly on his experience, the amount of time spent, nature of claims, rates typically charged in Harris County, Texas and the complexity of the case. He will rely on his education, experience and the non-privileged portions of the files in this case.

In determining reasonable and necessary attorney fees, Plaintiff's counsel may use the following matters to perform an analysis:

| Plaintiff | Defendant | Cause Number | Venue | Attorney Fees | Type |
|---|---|---|---|---|---|
| AJM Investments | United National | 201037580 | Harris | $159,300.00 | Total |
| | | | | $99,300.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Battle, Malcolm | Cypress Texas Lloyds | 200924337 | Harris | $132,900.00 | Total |
| | | | | $132,900.00 | Trial |
| Bent, Stacey | USAA | 201057135 | Harris | $185,000.00 | Total |
| | | | | $185,000.00 | Trial |
| Cahill, John | Liberty Lloyds | E179743 | Jefferson | $344,000.00 | Total |
| | | | | $269,000.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Davis, John | National Lloyds | 201058199 | Harris | $75,000.00 | Total |
| | | | | $75,000.00 | Trial |
| Doctors Hospital | Beazely Insurance | H083340 | Houston | $250,000.00 | Total |

| Name | Insurer | Case Number | Division | Amount | Type |
|---|---|---|---|---|---|
| 1997 | | | Division | | |
| | | | | $250,000.00 | Trial |
| Escuadra, Maria | Geovera | E185065 | Jefferson | $348,525.00 | Total |
| | | | | $313,525.00 | Trial |
| | | | | $15,000.00 | COA |
| | | | | $20,000.00 | SCOT |
| Fuentes, Candelario | State Farm | 201061039 | Harris | $304,545.00 | Total |
| | | | | $254,545.00 | Trial |
| | | | | $25,000.00 | COA |
| | | | | $25,000.00 | SCOT |
| Hayes, Joseph | USAA | 200963319 | Harris | $337,500.00 | Total |
| | | | | $237,500.00 | Trial |
| | | | | $50,000.00 | COA |
| | | | | $50,000.00 | SCOT |
| Jaw the Pointe | Lexington | 09CV1238 | Galveston | $230,000.00 | Total |
| | | | | $170,000.00 | Trial |
| | | | | $30,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Lewis, LaTosha | National Lloyds | B188072 | Jefferson | $350,000.00 | Total |
| | | | | $300,000.00 | Trial |
| | | | | $20,000.00 | COA |
| | | | | $30,000.00 | SCOT |
| Menchaca, Gail | USAA | 090504702CV | Montgomery | $130,000.00 | Total |
| | | | | $130,000.00 | Trial |
| Salinas, Oscar | State Farm | 110194 | Brownsville Division | $76,124.00 | Total |
| | | | | $76,124.00 | Trial |

| | |
|---|---|
| Avg Total | $225,186.08 |
| Avg Trial | $195,607.23 |
| Avg COA | $31,428.57 |
| Avg SCOT | $30,000.00 |
| | |
| High Total | $413,525.00 |
| High Trial | $313,525.00 |
| High COA | $50,000.00 |
| High SCOT | $50,000.00 |
| | |
| Low Total | $110,000.00 |
| Low Trial | $75,000.00 |
| Low COA | $15,000.00 |
| Low SCOT | $20,000.00 |

The above attorneys may be called by plaintiff to testify as an expert witness at the trial of this action on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

Information regarding Hon. Eric Dick:
- Hon. Eric Dick is a counsel of record for Plaintiffs in the underlying disputes.
- He has been practicing law since 2008 and personally handling over four-thousand matters involving first-party insurance claims.
- He has worked in the insurance industry since he was nineteen.
- He is a licensed insurance agent.
- He is a licensed real estate agent.
- He is licensed as a practicing attorney in the Northern, Southern, Eastern, and Western Federal Districts.
- He has provided expert testimony well above one hundred times consisting of hearings, mediations, bench trials, jury trials, etc.
- He has represented a wide variety of individuals of various nationalities and occupations over the State of Texas.
- He estimates that he has practiced law in 25% of the 254 counties in Texas.
- He has agreed with Plaintiff to provide him with legal representation in connection with this cause of action on a contingency fee basis.
- His fees will be based on any recoveries obtained in this matter.
- Mr. Dick may provide billing of attorney fees and costs for representation, which may be supplemented and is incorporated entirely by reference.
- In providing any report, Mr. Dick would have relied upon the pleadings filed by all the parties, the discovery exchanged by and between the parties, the file materials provided by the client, and damages reports by any applicable experts.
- During his representation of Plaintiff in this matter, Mr. Dick had investigated the claims, prepared pleadings.
- Mr. Dick anticipates he will respond to discovery when necessary and propounded discovery.
- Mr. Dick anticipates that there will be hearings and depositions along with further discovery.
- Mr. Dick believes this lawsuit could be mediated.
- If this settled is not settled, it will be tried by a judge or a jury.
- In his experience with first-party insurance claims, it is common for them to be handled by an attorney on a contingency fee basis.
- In his opinion, a fee for an attorney's services in connection with this matter based on a contingency percent of all recoveries obtained is reasonable. I
- It is a usual and customary fee for handling these types of cases in the State of Texas.
- At trial, he will testify to the reasonableness and necessity of these attorney's fees using the eight non-exhaustive factors (not to exclude any other relevant factors laid out in the Texas Disciplinary Rules of Professional Conduct 1.04(b):

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
3. The fee customarily charged in the locality for similar legal services;
4. The amount involved and the results obtained;
5. The time limitations imposed by the client or by the circumstances;
6. The nature and length of the professional relationship with the client;
7. The experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

More information on Eric Dick:

| | |
|---|---|
| College: | Thomas M. Cooley |
| Degree: | Juris Doctorate |
| Distinctions: | Cum Laude |
| College: | University of Alabama |
| Degree: | Masters of Laws and Letters |
| College: | Rice University |
| Degree: | MBA (Pending) |

- Hon. Eric Dick has interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.
- Hon. Eric Dick has interned for Harris County District Attorney's office is the Welfare Division
- Hon. Eric Dick was elected as a trustee for Harris County Department of Education.
- Hon. Eric Dick was elected as vice president for the board of trustees for Harris County Department of Education.
- Hon. Eric Dick was elected as president for the board of trustees for Harris County Department of Education
- CLE Taught: Hello, I'm an Expert: How TRCP 169 Affects the Expert Role by Eric Dick, owner / founder Dick Law Firm, PLLC.
  Description: In 2013 Texas Rules of Civil Procedure (TRCP) has been changed to allow expedited actions -TRCP 169. The speaker will discuss how these actions apply limits to discovery and expert challenges. In addition, he will discuss some pitfalls experts can avoid during an expedited action.
- Eric Dick has been named by Super Lawyers as a Rising Star.

Mr. Dick's report and resume, if not attached, may be provided to Defendant and are incorporated by reference. Information on Dick Law Firm is available at www.dicklawfirm.com

The mental impressions and opinions are that fees and costs associated with this litigation are reasonable, necessary, and customary in this county and surrounding counties. Such an expert will decide what reasonable fee is to be charged in this case per hour in consideration of several factors,

including:

- The nature and complexity of the case;
- The nature of the services provided by counsel;
- The time required for trial;
- The amount of money involved;
- The client's interest that is at stake;
- The responsibility imposed on counsel;
- The skill and expertise involved; and
- Those matters enumerated in State Bar Rule 1.04(b) (1)-(8), which are:
    - The time and labor required, the novelty and difficulty of the questions presented and the skill required to perform the legal services properly;
    - The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;
    - The fee customarily charged in the locality for similar legal services;
    - The amount involved and the results obtained;
    - The time limitations imposed by the client or the circumstances;
    - The nature and length of the professional relationship with the client;
- The experience, reputation and ability of the lawyer or lawyers performing the service.

## II.

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

**VI.**

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

**VII.**

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

**VIII.**

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

**/s/ Eric B. Dick**
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that in accordance with the Federal Rules of Civil Procedure, I served a true and correct copy of the above on the parties of record. This service was made in a manner appropriate under the Federal Rules of Civil Procedure.

**/s/ Eric B. Dick**
Eric B. Dick, LL.M.
SBN: 24064316

March 14, 2025