UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MATTHEW AND MONICA DAWKINS,** § <br> *Plaintiff,* § <br> § <br> **v.** § <br> § <br> **ALLSTATE VEHICLE & PROPERTY** § <br> **INSURANCE COMPANY** § <br> *Defendants.* § | **Civil Action No. 4:24-cv-639** <br><br> **JURY TRIAL REQUESTED** |

---

### DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE HANEN:

COMES NOW Defendant, Allstate Vehicle and Property Insurance Company ("Allstate" or "Defendant") in the above-entitled and numbered cause and, files its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The only evidence in this case establishes that the cause of loss was not covered by Plaintiffs' Policy, and Plaintiffs have produced no evidence to the contrary. Even if the Court disagrees that summary judgment is appropriate on the contractual claim, the Court should nevertheless grant summary judgment in Defendant's favor because Plaintiffs have not and cannot prove their extra-contractual claims due to the lack of independent injury and a *bona fide* dispute as to coverage.

### I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT

1. This lawsuit arises out of Defendant's handling of a homeowner's insurance claim for damages allegedly caused by a water leak on or about October 23, 2022. Plaintiffs assert claims for breach of contract, anticipatory breach of contract, breach of the duty of good faith and fair

1

dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code. [Doc. 13]

2. Plaintiffs' breach of contract claim fails because Plaintiffs lack evidence that the damages to their property were caused by a covered peril, namely the bathroom faucet leak at issue. Under the concurrent causation doctrine, the insured bears the burden of segregating damage solely attributable to the covered event from other damages. Here, the only evidence in this case establishes that the cause of loss was not covered by Plaintiffs' Policy. Because Plaintiffs cannot segregate damages sustained on October 23, 2022, from other damages to the property sustained on other operative dates, Plaintiffs cannot prove the causation element of their breach of contract claim. Plaintiffs' inability to prove causation is fatal to their contractual claim, as well as their extra-contractual claims.

3. Moreover, Plaintiff's bad faith claims require proof that Plaintiffs sustained an injury independent of the denial of policy benefits, and that there was no reasonable basis to deny the claim. Plaintiffs simply cannot meet this burden because this case involved an ongoing dispute between the parties and their experts concerning the cause and scope of some damages to Plaintiffs' property. Because a bona fide dispute does not rise to the level of bad faith, Plaintiffs' bad faith claims must fail as a matter of law. For the same reasons, Plaintiffs cannot meet their burden to establish any violation of the Texas Deceptive Trade Practices Act.

## II.   LEGAL STANDARD

### A.   Summary Judgment Standard

4. Under Rule 56, judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). While evidence is viewed in a light most favorable to the non-movant, to avoid judgment, the non-movant must go beyond the pleadings and provide specific facts of a genuine issue for trial. *Id*. at 324; *Levy v. Houston ISD*, 113 F.3d 528, 533 (5th Cir. 1997). Further, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There must be "significant probative evidence" on which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the non-movant fails to present such evidence, summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23. Where the nonmovant bears the burden of proof, the movant may show that there is no evidence to support the nonmovant's claim. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc*., 209 F.3d 419, 424 (5th Cir. 2000).

**B.      Insurance Coverage Burdens of Proof**

5.      The insured bears the initial burden to show a loss is covered by the policy. *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 197 F. 3d 720, 723 (5th Cir. 1999). Property insurance exists only for losses caused by a "covered cause of loss," and insurers owe no duty to insureds for losses not covered. *See Tellepsen Builders, L.P. v. Kendall/Heaton Assocs. Inc*., 325 S.W.3d 692, 697 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (recognizing property insurance protects insureds from losses caused by "covered 'causes of loss'"); *see, e.g., Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 785-87 (Tex. 2008) (holding insurer not liable to insured because policy did not provide coverage). In the context of summary judgment, the insured must produce evidence that raises a question of material fact as to the existence of a covered claim. *Royal Surplus Lines Ins. Co. v. Brownsville ISD*, 404 F.Supp.2d 942, 949 (S.D. Tex. 2005).

### III.     SUMMARY JUDGMENT EVIDENCE

In support of the Motion, Allstate relies on the following evidence:

| | |
|---|---|
| Exhibit A | Sworn Declaration of Paul R. Williams |
| Exhibit B | The Policy |
| Exhibit C | Plaintiffs' Discovery Responses |
| Exhibit D | Plaintiffs' Quantum Claims Consulting Estimate |

### IV.     SUMMARY JUDGMENT FACTS

6.     <u>Initial Claim Investigation</u>. On October 23, 2022, Plaintiffs reported a claim for alleged water damage to ceramic tile, floors, and walls in the master bathroom, carpet flooring in master bedroom, laminate wood flooring, ceilings and walls in the downstairs dining room, and the kitchen ceiling. Plaintiff Monica Dawkins told Allstate she located the source of the leak as the master bathroom shower faucet handle and had JC Plumbing repair the leak. During its initial investigation of the claim, Allstate discovered multiple prior water damage claims filed by Plaintiffs with other insurance carriers for the same and/or similar damages to those claimed in the instant case and determined that additional investigation would be required. Allstate requested that Plaintiffs provide proof that the prior repairs were completed, as well as other information Defendant required to complete the claims process. On multiple occasions, Allstate notified Plaintiffs that it could not complete their investigation without the information requested and further, reminded them of their duties after loss under the Policy. [Doc. 7-B – D].

7.     <u>HAAG Engineering</u>. After months of failing to submit the requested information, in a good faith effort to differentiate prior damage from new, Allstate conducted an engineering inspection of the property with HAAG Engineering ("HAAG") on February 20, 2023. *See* Ex. A. HAAG found evidence that minor "leakage" occurred at the master bathtub, but determined that the damages it observed throughout the property were not caused by any plumbing leak. *Id*. HAAG determined that the master bathroom surfaces, walls, and base trim were grime-covered, but

4

revealed no evidence of water damage resulting from the claimed plumbing leak. *Id*. at ¶ 9. HAAG also found no evidence that any repairs had been made in relation to the claimed plumbing leak, including any repairs by JC Plumbing. *Id*. HAAG also observed water damage to the living room flooring near the back door and peeling wall paint in the breakfast area, but determined these damages were caused by wind-driven rain based on inadequate waterproofing of those areas rather than any plumbing leak. *Id*. HAAG did note a minor deformity in the dining room ceiling, but concluded that the volume of water indicated normal use/splashing in the bathtub, not a plumbing leak as claimed. *Id*. In sum, HAAG determined that there was no evidence of a plumbing leak in the master bathroom to support Plaintiffs' claim that the other damages claimed by Plaintiffs resulted from such a leak. *Id*.

8.  <u>Denial of Claim</u>. As such, Allstate issued a Denial Letter to Plaintiffs on March 20, 2023, stating that Allstate could not cover Plaintiffs' claimed loss because "[t]here was no evidence/support of a loss caused by a peril that we cover, and more specifically, no damages were the result of a leak from the bathtub faucet." [Doc. 7-E].

9.  <u>Demand Letter</u>. Months later, on September 10, 2023, Allstate received a Demand and Invocation of Appraisal Letter from The Eric Dick Law Firm, alleging that Defendant owed $73,771.06 for damage to or loss of covered property. Defendant rejected Plaintiffs' invocation of appraisal in writing on October 20, 2023, reasoning that "there is no coverage for this loss under the policy." [Doc. 7-G].

10. <u>Litigation</u>. Defendant received no response from Plaintiffs or the Dick Law Firm until January 18, 2024, when they filed suit in the 333rd Judicial District Court of Harris County, Texas. Plaintiffs assert claims for breach of contract, anticipatory breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act

("DTPA") and the Texas Insurance Code. Allstate timely removed the case to this Court on February 23, 2024. [Doc 1.].

11. <u>Plaintiffs' Discovery Responses</u>. Plaintiffs responded to Allstate's discovery requests on March 17, 2025. *See* Ex. C. In response to Defendant's fifty requests for production, Plaintiffs produced only three documents – an estimate by Quantum Claims Consulting, Plaintiffs' Policy, and Plaintiffs' Invocation of Appraisal and Demand Letter. Plaintiffs responded that they did not have any documents in their possession regarding any prior insurance claims, nor any proof that prior repairs were completed. *See generally* Ex. C. Plaintiffs also responded that they did not have any documents in their possession to support their allegation that Defendant has an obligation to pay additional amounts under the Policy to compensate Plaintiffs for alleged damages. Ex. C at p. 12.

12. <u>Procedural Posture</u>. Plaintiffs designated their experts on March 14, 2025. [Doc. 26]. Defendant designated its experts on April 25, 2025. [Doc. 29]. Discovery closed on July 31, 2025, dispositive motions must be filed by August 29, 2025, and non-dispositive motions must be filed by September 26, 2025 [Doc. 20]. The case is set for trial on April 13, 2026 [Doc. 20].

## V.    ARGUMENTS AND AUTHORITIES

### A.    **Plaintiffs' breach of contract claim(s) must fail because Plaintiffs cannot meet their burden to prove that the damages they claim are covered under Plaintiffs' Policy.**

13. The insured bears the initial burden to show a loss is covered by the policy. *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 197 F. 3d 720, 723 (5th Cir. 1999). Property insurance exists only for losses caused by a "covered cause of loss," and insurers owe no duty to insureds for losses not covered. *See Tellepsen Builders, L.P. v. Kendall/Heaton Assocs. Inc.*, 325 S.W.3d 692, 697 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (recognizing property insurance protects insureds from losses caused by "covered 'causes of loss'"); *see, e.g.,*

6

*Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 785-87 (Tex. 2008) (holding insurer not liable to insured because policy did not provide coverage). In the context of summary judgment, the insured must produce evidence that raises a question of material fact as to the existence of a covered claim. *Royal Surplus Lines Ins. Co. v. Brownsville ISD*, 404 F.Supp.2d 942, 949 (S.D. Tex. 2005).

14. Plaintiffs' Policy provides coverage for <u>sudden and accidental</u> direct physical loss to the property <u>caused</u> by water that escapes from a plumbing, heating or air conditioning system, an automatic fire protective sprinkler system, or from a household appliance <u>due to accidental discharge or overflow</u>. Ex. B at p. 17, ¶ 13 (emphasis added).

15. Based on this language, Plaintiffs have not met their burden of establishing a covered loss under their Policy. Plaintiffs have produced no evidence pertaining to the cause of Plaintiffs' alleged damages and rely only on the Quantum Claims Consulting estimate, which only speaks to the alleged cost of repairs and fails to mention the cause of the alleged damages described therein. Ex. D. Stated differently, Plaintiffs have produced no evidence showing that the damages it incurred were sudden and accidental, and/or were caused by the master bathroom water leak (if any existed).

16. In contrast, Defendant's investigation confirmed that the damages throughout the property were not caused by any master bathroom plumbing leak, and/or were not losses that were sudden and accidental. Ex. A at ¶ 9. HAAG found a minor deformity in the dining room ceiling but concluded that the volume of water indicated same was caused by normal use/splashing in the bathtub, which does not constitute "water that escapes" from a plumbing system, as required for coverage. *Id*. HAAG found no evidence of water damage to the master bathroom surfaces, walls, and base trim. *Id*. HAAG observed water damage to the living room flooring near the back door

and peeling wall paint in the breakfast area, but determined these damages were caused by wind-driven rain based on inadequate waterproofing of those areas, which is not covered by Plaintiffs' Policy. *Id*. See also Ex. B. Thus, because the only evidence developed in this case by both Parties shows that the damages claimed by Plaintiffs were not sudden and accidental losses caused by a covered water leak, summary judgment is appropriate.

B. **Regardless, Plaintiffs' breach of contract claim(s) must fail because they cannot meet their burden under the concurrent causation doctrine of establishing that the water leak in question caused the damages they seek to recover.**

17. Even if Plaintiffs could put forth evidence of a covered cause of loss, the Court should still grant summary judgment for Allstate because Plaintiffs cannot meet their burden of segregating covered and non-covered losses. The doctrine of concurrent causation provides that "when covered and non-covered perils combine to cause an injury, the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Millers Cas. Ins. Co. of Tex*., 866 S.W.2d 597, 601 (Tex. 1993). "Failure to provide evidence upon which a jury or court can allocate damages between those resulted from covered perils and those that did not is fatal to an insured party's claim." *Nat'l Union Fire Ins. v. Puget Plastics Corp*., 735 F. Supp. 2d 650, 659 (S.D. Tex. 2010). The doctrine is not an affirmative defense, but rather "a rule which embodies the basic principle that insureds are not entitled to recover under an insurance policy unless they prove their damage is covered by the policy." *Wallis v. USAA*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied).

18. In this case, Allstate has demonstrated that at least some of the water damage claimed by Plaintiffs was caused by non-covered perils, including the wind-driven rain damage to the living room flooring and breakfast area wall. Ex. A at ¶ 9. HAAG also concluded that, based on the volume of water observed, the dining room ceiling damage was caused by normal

8

use/splashing in the bathtub, which does not constitute "water that escapes" from a plumbing system, as required for coverage. *Id*. In response, Plaintiffs have put forth no evidence of any other cause of loss nor attempted to segregate the damages between those caused by an excluded cause of loss and those they claim are covered. Therefore, summary judgment is proper.

**C.    Defendant is entitled to summary judgment on Plaintiffs' extra-contractual claims because Plaintiffs have offered no evidence to satisfy the independent injury rule.**

19.    In addition to their breach of contract claim, Plaintiffs also assert claims for violations of the Texas Insurance Code, the DTPA, and breach of the duty of good faith and fair dealing. [Doc. 13, Plaintiffs' First Amended Petition]. Texas law dictates that an insured may prove the damages caused by an insurer's violation of the insurance code or the duty of good faith and fair dealing by establishing either: (1) "a right to receive benefits under the policy" or (2) "an injury independent of a right to benefits." *Argonaut Great Cent. Ins. Co. v. MLLCA, Inc.*, No. 02-19-00280-CV, 2021 Tex. App. LEXIS 3757, at *22-23 (Tex. App.—Fort Worth May 13, 2021, no pet.), citing *In re State Farm Mut. Auto. Ins. Co.*, Nos. 19-0791, 19-0792, 2021 Tex. LEXIS 222, 2021 WL 1045651, at *3 (Tex. Mar. 19, 2021) (orig. proceeding). Stated differently, "[a]n insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id.* (quoting *Menchaca*, 545 S.W.3d at 489). Liability under Chapter 541 and for common law bad faith are also reviewed using the same standards and with the same predicates for recovery. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55-56 (Tex. 1997).

20.    As explained above, Defendant has not breached its contract with Plaintiffs. Plaintiffs' Policy provides coverage for sudden and accidental direct physical loss to the property caused by water that escapes from a plumbing […] system […] due to accidental discharge or overflow. Ex. B at p. 17, ¶ 13. An insured has the initial burden of establishing coverage under the

9

terms of the policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). Here, Plaintiffs have yet to put forth any evidence that the damages they claim were sudden and accidental and were caused by a plumbing leak, or one of the other perils covered by Plaintiffs' Policy. Instead, Plaintiffs rely solely on a repair estimate prepared nearly seven months after the loss which doesn't once address causation. *See generally* Exhibit D. Because Plaintiffs have produced no evidence bearing on whether the alleged damages were caused by a covered peril, Plaintiff has not shown any entitlement to Policy benefits and the Court should grant summary judgment in Allstate's favor on the extra-contractual claims. *See USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479 (Tex. 2018) (insured must establish a loss of [*15] benefits or a statutory violation that results in an injury independent of loss of benefits); *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019) (same); *Kayihura v. Homeowners of Am. MGA, Inc.*, No. 14-22-00680-CV, 2023 Tex. App. LEXIS 6309, at *14-15 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, pet. denied).

21.     Moreover, even if the Court concludes that Plaintiffs raised an issue of fact as to their contractual claims, Plaintiffs should still not be able to recover on their extra-contractual claims because they can present no evidence of the threshold for recovery: an independent injury. The independent-injury rule applies only if the damages are truly independent of the insured's right to receive policy benefits. *Menchaca*, 545 S.W.3d at 499-500. "It does not apply if the insured's statutory or extra-contractual claims are predicated on the loss being covered under the insurance policy, or if the damages 'flow' or 'stem' from the denial of the claim for policy benefits." *Id.* at 500 (cleaned up). *Argonaut Great Cent. Ins. Co. v. MLLCA, Inc.*, No. 02-19-00280-CV, 2021 Tex. App. LEXIS 3757, at *24 (Tex. App.—Fort Worth May 13, 2021, no pet.). The Texas Supreme

10

Court has recognized that such an injury may support extra-contractual claims, but that in over 150 years of jurisprudence "we in fact have yet to encounter one." *Menchaca*, 545 S.W.3d at 500.

22. Here, Plaintiffs' pleadings fail to quantify any cognizable claim for an independent injury, nor has Plaintiffs presented any evidence of one. The only quantifiable damage amount Plaintiffs have provided to Defendant is based on the $73,771.06 Quantum Claims Consulting estimate for the alleged repairs, plus penalty interest and attorney's fees. Exhibit C, at p. 6. In their responses to Defendant's First Set of Interrogatories, when asked to itemize all elements of damages being claimed in the lawsuit, Plaintiffs mention only the above described damages and make no mention of any damages independent of the Policy benefits. *Id*. Accordingly, the Court should grant summary judgment in Defendant's favor on Plaintiffs' extra-contractual claims because they have no evidence of any injury independent from the denial of the policy benefits, as is required by the Texas Supreme Court.

**E.    Regardless, Defendant is entitled to summary judgment on Plaintiffs' extra-contractual claims because this is a bona fide coverage dispute.**

23. Moreover, Plaintiffs cannot present evidence of anything more than a *bona fide* dispute as to coverage, which precludes their bad faith recovery. The Texas Supreme Court has routinely held that bad faith does not exist where evidence merely shows a *bona fide* coverage dispute as to the insurer's liability. *US Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994). The *bona fide* dispute rule "is nothing more than a shorthand notation for the observation that the parties to an insurance contract will sometimes have a good faith disagreement ...." *Id*. at 18 n. 8. Disputes as to whether a claim is covered are *bona fide* disputes. *See Pioneer Chlor Alkali Co. v. Royal Indem. Co.*, 879 S.W.2d 920, 939-40 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Allstate v. Mason*, 123 S.W.3d 690, 704 (Tex. App.—Fort Worth 2003, no pet.) (bad faith not established based on insurer's

interpretation of policy). Moreover, bad faith is not established "if the evidence shows the insurer was merely incorrect about the factual basis for its denial of the claim, or about the proper construction of the policy." *Moriel*, 879 S.W.2d at 18. To overcome the bona fide dispute rule and recover on their extra-contractual claims, Plaintiffs must prove that Defendant "had no reasonable basis for denying or delaying payment of the claim, and that it knew or should have known that fact." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997), citing *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987).

24. Summary judgment on Plaintiffs' extra-contractual claims is warranted because Defendant had a reasonable basis for its finding that Plaintiffs' loss was not caused by a covered peril. All of the evidence available to both Parties regarding causation supports the determination that damages were not sudden or accidental and/or not caused by the master bathroom water leak. Ex. A. Plaintiffs have provided no evidence controverting Allstate's causation determination or showing that Allstate's actions were unreasonable or rose to the level of bad faith. As such, this case is nothing more than a *bona fide* dispute, which precludes Plaintiffs' ability to recover on their extra-contractual claims.

**F.** **Plaintiffs cannot support their claims for mental anguish because they have offered no evidence – documentary or expert – to prove such a claim meets the high threshold imposed by Texas law.**

25. To survive summary judgment, a plaintiff must show direct evidence of the nature, duration, and severity of the mental anguish, thus establishing a substantial disruption in the Plaintiff's daily routine. *Parkway Co. v. Woodruff*, 901 S.W.2d, 434, 444 (Tex. 1995). The evidence must demonstrate a high degree of mental pain and distress more than mere worry or anxiety, vexation, embarrassment, or anger. *Saenz v. Fidelity & Guar. Inc.*, 925 S.W.2d 607, 614 (Tex. 1996) (quoting *Woodruff,* 901 S.W.2d at 444.)

26. Here, Plaintiffs have produced no evidence of any substantial disruption to daily routine, by way of documents produced or expert testimony. Furthermore, they have designated no experts to opine on mental anguish. [Doc. 26]. Thus, there is no evidence on which a jury could reasonably find that the Plaintiffs suffered mental anguish.

### VI. CONCLUSION AND PRAYER FOR RELIEF

In summary, the only evidence available in this case shows that the cause of the loss Plaintiffs complain of is not covered by the Policy. Should they be able to put forth a covered cause of loss, they will be unable to meet their burden under the doctrine of concurrent causation, further defeating their claim. Likewise, Plaintiffs have not and cannot prove their extra-contractual claims due to the lack of independent injury and the *bona fide* dispute as to coverage. As such, Defendant Allstate Vehicle and Property Insurance Company respectfully requests that this Court enter summary judgment in its favor on all the claims Plaintiffs have asserted against it and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Michael W. McCoy*
    **Michael W. McCoy**
    State Bar No. 13471850
    SDTX Federal No. 3801
    E-mail: mccoy@mdjwlaw.com
    **Kurstin P. Grady**
    State Bar No. 24136868
    SDTX Federal No. 3866997
    E-mail: grady@mdjwlaw.com
808 Travis Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 29, 2025, I served the following counsel of record electronically or by other manner authorized by the Federal Rules of Civil Procedure:

|  | ***Via ECF:*** |
|---|---|
| Eric B. Dick | eric@dicklawfirm.com |
| DICK LAW FIRM, PLLC | |
| 3701 Brookwoods Drive | |
| Houston, Texas 77092 | |

          */s/ Michael W. McCoy*
          Michael W. McCoy